(15 Misc. Rep. 254.)

## CRISTIANO v. MILLERS et al.

(Superior Court of Buffalo, General Term. December 23, 1895.)

NEGLIGENCE—DANGEROUS PREMISES.
  Plaintiff, who went to defendant's brewery to get "brewery slops," entered a tunnel, without defendant's permission, to answer a call of nature, and was injured by stepping into a hole. The tunnel contained no closet or urinal, and its use was unnecessary for any purpose connected with plaintiff's visit to the brewery. *Held*, that plaintiff was at most a mere licensee, and could not recover.

Action by Augustino Cristiano, by guardian, against Annie E. Millers and others, to recover for personal injuries. The court granted a nonsuit, and a motion for new trial upon a case and exceptions was ordered to be heard at the general term in the first instance. Denied.

Argued before TITUS, C. J., and HATCH, J.

Charles Oishei, for plaintiff.
Tracy C. Becker, for defendants.

HATCH, J. The record does not disclose what disposition was made of defendants' motion for a nonsuit, and it is not clear that any exception was taken to any ruling. Brief of defendants' counsel states that the court granted a nonsuit, and the parties have appeared in court, and argued the motion upon that supposition, without objection. We conclude, therefore, to entertain the motion. The record discloses that plaintiff, an infant between eight and nine years of age, in company with his sister, visited defendants' brewery for the purpose of obtaining a load of "brewery slops." The usual place of procuring the load was at a box situated in the brewery yard adjoining the structure. Near the box was a passageway or tunnel under the brewery building, which was used by defendants and their servants in prosecuting the business. It was not necessary, in order to obtain the load, to enter the tunnel, and it had never been used in connection therewith. Within the tunnel, situated about 25 feet from the entrance, was a hole connected with a subterranean passage, through which was discharged hot water used in the brewery. This hole was covered with an iron grating. On the day in question the sister drove first to the office of the brewery, made inquiry for slops, and was informed that there were none that day. Notwithstanding this information, she drove to the rear of the brewery, where the slop box was situated, made inquiry there, and was again informed that there were none. At this time plaintiff alighted from the wagon, to answer a call of nature, and entered the tunnel, passed along to the grating, and stepped upon it. It tipped and let him in; and his lower limbs were severely scalded. We are unable to find, upon these facts, any ground upon which to charge defendants with liability. No permission was given by defendants to use the passageway. It was not necessary for plaintiff to use it for any of the purposes connected with his visit to the brewery, or in getting slops. There was no closet or urinal there, and it was not used for such purposes. If he had an implied right to enter, sufficient to exclude the entry from being trespass, his right was no higher than that of a mere license; and he accepted the passage in the condition it then was, and took upon himself whatever of risk there was in its use. This rule is recognized in the cases cited by plaintiff upon this motion: Nicholson v. Railway Co., 41 N. Y. 525; Larmore v. Iron Co., 101 N. Y. 391, 4 N. E. 752; Barry v. Railroad Co., 92 N. Y. 289; Beck v. Carter, 68 N. Y. 283,—and is reiterated in Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673; Sterger v. Van Sicklen, 132 N. Y. 505, 30 N. E. 985. Where there

is an invitation to enter, either express or implied, or the person is enticed, induced, or allured to enter upon the premises, the rule is different (an illustration is found in Walsh v. Railroad Co. [Sup.] 22 N. Y. Supp. 441, and cases cited), or where an affirmative act increases the danger, and inflicts injury (Corrigan v. Refining Co., 98 Mass. 577). These latter cases are without application, for here existed none of these conditions. Liability can only be predicated upon the violation of some legal duty which defendants owed to plaintiff, within the authority of the cases just cited; and, upon present facts, defendants owed plaintiff no duty, in consequence of which no liability can attach.

The exceptions should be overruled, and the motion denied.