INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. WILL EDWARDS.

No. 1554. Decided May 9, 1906.

1.—Railway—Injury at Crossing—Contributory Negligence.

The omission of signals by a train approaching a highway crossing will not relieve one going thereon from the duty to exercise care for his own protection. (P. 24.)

**2.—Same—Case Stated.**

One walking along a highway at night, approaching a railway crossing, passed thereon without looking for a train, though its electric headlight was visible for·a mile before it reached the crossing, and was struck and injured. He sought to excuse his failure to look by proof that signals for the crossing were not given, and that he was relying on them. Held, that there was no evidence of ·due care on his part, and the Supreme Court reverses a judgment in his favor and renders it for defendant.   (P. 23–25.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Edwards sued the railway company and had judgment.   Defendant appealed and on affirmance obtained writ of error.

*Baker & Thomas* and *N. A. Stedman,* for plaintiff in error.—It is the duty of a party who attempts to cross a railroad track to use due care to avoid danger.   If he fails to do so, and his own negligence is the proximate cause of the injury from a passing train, he can not recover, though the statutory signals are not given.   St. Louis & S. W. Railway v. Branom, 73 S. W. Rep., 1064; Texas & Pac. Railway v. Fuller, 24 S. W. Rep., 1090; International & G. N. Railway v. Graves, 59 Texas, 330; Texas & N. O. Railway v. Brown, 21 S. W. Rep., 424; Galveston, H. & S. A. Railway v. Kutac, 72 Texas, 647; Hoover v. Texas & Pac.·Railway, 61 Texas, 504.

*S. E. Stratton* and *J. E. Yantis,* for defendant in error.—The failure to look and listen for a train is not negligence as a matter of law, and whether it is or is not negligence is a question of fact for the jury to determine from the facts and circumstances of each particular case.   If the jury believe that a person, failed to look and listen but that a person of ordinary care would not have looked or listened then such failure would not constitute contributory negligence.   Houston & T. C. Ry. v. Wilson, 60 Texas, 143; Gulf, C. & S. F. Ry. v. Box, 81 Texas, 673; Gulf, C. & S. F. Ry. v. Anderson, 76 Texas, 251; Galveston, ·H. & S. A. Ry. v. Profert, 72 Texas, 351; Missouri Pac. Ry. v. Lee, 70 Texas, 500.

A person approaching a public crossing over a railroad is not required as a matter of law to look and listen but in doing so must act as an ordinarily prudent person, and as to how an ordinarily prudent person would act is a question of fact, and unless the circumstances and situation when one is so approaching are so clearly opposed to the dictates of prudence that all reasonable minds must reach one conclusion as to how an ordinarily prudent person would act then the court can not, as a matter of law, pass upon the issue of negligence.   Frugia v. Texarkana, F. S. Ry. Co., 82 S. W. Rep., 814; St. Louis S. W. Railway v. Matthews, 79 S. W. Rep., 73; Galveston, H. & S. A. Railway v. Tirres, 76 S. W. Rep., 806; Texas & Pac. Railway v. Murphy, 46 Texas, 356; Gulf C. & S. F. Railway v. Gasscamp, 69 Texas, 547; Lee v. International & G. N. Railway Co., 89 Texas, 583.

WILLIAMS, Associate Justice.—The judgment before us was recovered by defendant in error, who was plaintiff below, on account of personal injuries sustained by him being struck by the engine of a pass-

ing train of plaintiff in error, near Waco, at the crossing of a public country road over the railroad. The evidence, without contradiction, shows that the plaintiff walked along the road at night, approaching the railroad obliquely, with his side towards it, until he came near the crossing when he turned with the road across the track, and was struck as he reached the center thereof. The train was visible by its electric headlight upon a straight track for a mile or more before it reached the crossing and the noise of its motion was plainly audible. Plaintiff admits that, before stepping on the track, he neither looked nor listened for the train, although he was familiar with the crossing and knew of the frequent passing of trains, and that he could have seen and heard it, had he done so. All of the other evidence is to the same effect. He relies alone upon the fact, which the evidence is sufficient to prove, that the whistle was not blown nor the bell rung as required by the statute, claiming that he was listening for those signals, and, because he did not hear them, did not look for the train nor pay any attention to the noise it made.

The law is well settled that a traveler approaching a railroad crossing must exercise ordinary prudence in going upon the track to see that he may do so with safety. He can not excuse the absence of all care by showing that those in charge of a train have also been guilty of negligence. This is the precise attitude of the plaintiff, when he claims that he was not bound to look out for himself until the statutory signals were given. His claim can not be admitted without denying the rule which exacted the duty of due care on his part, a duty as binding on him as was the duty of giving signals binding on the defendant. The case is easily distinguished from those in which this court has held that, under the facts thereof, it would have been improper for the courts to have instructed that it was the duty of the travelers to do any particular thing as a measure of due care, such as to look and listen, it being the function of the jury to say what precautions were called for by the particular situation. Those cases presented issues for the jury to determine as to whether or not the care taken was sufficient, and not bare facts, like those in this case, establishing that no care whatever was taken and offering no excuse for its absence except a reliance on the other party. In one of those cases this court took occasion to say, with reference to charging the jury: "The rule given as to degree of care required of deceased is recognized by former decisions of this court. (50 Texas, 254; 57 Texas, 302; 56 Texas, 334; 46 Texas, 356; 63 Texas, 660.) Having given the proper rule to the jury, the judge had performed his duty unless, from the whole case as made by the testimony, the plaintiff had no testimony upon which the jury could reasonably have found a verdict in her favor; in which state of facts the court could have refused to submit the case to the jury. The plaintiff's case would fail from absence of testimony to any negligence on part of defendant, or upon absence of any testimony from which a jury could find due care or its equivalent, absence of negligence on part of deceased." Missouri Pac. Ry. Co. v. Lee, 70 Texas, 501.)

While persons using a railway crossing have the right to expect that the law requiring signals will be obeyed, this is not a substitute for

the duty of exercising care for themselves and they are not excused from that duty by the fault of the other party. No case in this court has allowed a recovery upon facts such as these and the judgment can not be permitted to stand without abolishing the rule, recognized by all authority, requiring the exercise of ordinary prudence on the part of persons crossing railroad tracks.

The judgment will be reversed, and, as the admitted facts show that plaintiff is not entitled to recover, judgment will be here rendered for the defendant.

*Reversed and rendered.*