INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. H. S. KENT.

Decided December 18, 1909.

**1.—Railroad Depot—Hotel Drummer—Licensee—Cases Distinguished.**

In a suit by a hotel proprietor against a railroad company for damages for personal injuries caused by defendant's station agent running a loaded baggage truck against plaintiff while he was upon the depot platform soliciting guests for his hotel, evidence considered and held to show, (1) that plaintiff was not a trespasser but at least a licensee upon defendant's premises; and (2) that he was not guilty of such contributory negligence and did not so assume any risk as would justify the trial court in instructing a verdict for defendant. International & G. N. Ry. Co. v. Edwards, 100 Texas, 24, and Post v. Texas & P. Ry. Co., 23 S. W., 708, distinguished.

**2.—Same—Persons Having Rights of Passengers.**

Intimated that persons who accompany friends or guests for the purpose of assisting or seeing them depart, or to meet or assist coming friends or guests, have all the rights of passengers upon railroad depot platforms.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*King & Morris* and *Baker & Baker,* for appellant.—Where one by looking could have seen, and by listening could have heard, and admits that he failed to do either and was injured, he is guilty of contributory negligence as a matter of law. International & G. N. Ry. Co. v. Edwards, 100 Texas, 24.

It was held by this court, Chief Justice Rainey delivering the opinion of the court, that the appellant would not be liable to a hotel-keeper under similar circumstances. Post v. Texas & P. Ry. Co., 23 S. W., 708.

*Frazier & Shurtleff,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—Appellee Kent sued the appellant to recover damages for personal injuries inflicted upon him while he was on appellant's depot platform at the town of Mertens in Hill County, Texas, through the negligence of one of appellant's servants. The defendant answered by general demurrer, general denial, contributory negligence, assumed risk, and that appellee's injuries were the result of an accident. The case was tried before a jury, and verdict and judgment rendered in favor of appellee for the sum of $6,200, from which appellant prosecutes this appeal.

The material facts are as follows: Appellee was the proprietor of a

hotel in the town of Mertens, and regularly, for fifteen or sixteen
months prior to his injuries, had been in the habit of going upon ap-
pellant's depot platform at said town in company with his customers
to assist them in getting off on appellant's trains, to solicit customers
from incoming trains, and to conduct them to his hotel. This habitual
use of appellant's platform by appellee was without any objection what-
ever on its part, but knowingly permitted and acquiesced in. On the
night of December 31, 1907, pursuant to the custom stated, appellee
went to appellant's said depot in company with one of his guests, as-
sisting in carrying his baggage, who intended to and did become a
passenger of appellant; and while standing on the platform, just im-
mediately after the arrival of one of appellant's passenger trains, solic-
iting or for the purpose of soliciting guests for his hotel, appellee was
struck in the small of the back with the end of a heavily loaded truck,
or by the baggage or boxes on the truck, and knocked down and seri-
ously injured. The truck at the time appellee was struck, was being
rapidly pushed backwards by one of appellant's agents engaged in the
performance of the railway company's business, and through quite a
crowd of people standing or walking on the platform. Appellant was
guilty of negligence in pushing the truck against appellee in the man-
ner stated, and, as the proximate result thereof, appellee received a
gash or cut in his forehead, extending to the bone, and a very serious
and probably permanent injury to his spinal column. The appellee
was not guilty of contributory negligence, nor did he assume the risk
of the injuries received.

Appellant's first assignment of error complains that the court erred
in refusing to give the following instruction: "It appearing from the
evidence in this case that the plaintiff is guilty of contributory negli-
gence, as a matter of law, you will find for the defendant." From the
record it appears that this charge was given, but evidently the endorse-
ment thereon to that effect is a clerical error of the clerk, and we shall
treat it as having been refused. It is so treated by the briefs of both
parties. The charge seems to have been predicated upon the authority
of the case of International & G. N. Ry. Co. v. Edwards, 100 Texas,
24, and the statement of the appellee, in which he said: "I had been
going there in that same business between fifteen and eighteen months.
They had the same lights there that night they usually had. I knew
that. The car afforded very little light on the outside of the car. It
afforded some light. I also knew that Mr. Dew was in the habit of
backing the trucks after loading them. If I had been looking for the
trucks I suppose I could have seen them, and if I had been listening
for the trucks I could have heard them. I knew it was dark. I had a
lantern and I knew the agent had a lantern. Mr. Morris Dew had been
there four or five or six months—don't know how long. I had seen
him handle those same trucks before in the same way frequently." In
addition, however, to the testimony quoted, appellee testified: "I said
that I had seen those trucks backed there by Mr. Dew many times be-
fore. I had never seen the trucks backed there while the train was still
standing there, and the crowd still there on the platform. It waited
until the train had left. At that time the trucks were loaded with

trunks and baggage and express. The train was standing there at that time—had its engine headed south. The train was still there at the platform at that time. Morris Dew was moving the trucks north at the time they struck me, and in my direction."

The case is clearly distinguishable from the case of Railway v. Edwards, *supra*. It appears from the opinion in the latter case that Edwards was struck by the engine of a passing train at the crossing of a public country road over the railroad, and the evidence without contradiction showed that he walked along the road at night approaching the railroad obliquely, with his side toward it, until he came near the crossing, when he turned with the road across the track and was struck as he reached the center thereof. The train was visible by its electric headlight upon a straight track for a mile or more before it reached the crossing, and the noise of its motion was plainly audible. Edwards admitted that before stepping on the track he neither looked nor listened for the train, although he was familiar with the crossing and knew of the frequent passing of trains and that he could have seen and heard had he done so. It further appears that Edwards relied alone upon the fact that the whistle was not blown, nor the bell rung, as required by the statute, claiming that he was listening for those signals, and because he did not hear them, did not look for the train nor pay any attention to the noise of the train. In this state of the record the Supreme Court, after stating the well-settled rule, "that a traveler approaching a railroad crossing must exercise ordinary prudence in going upon the track to see that he may do so with safety," held, in effect, that Edwards exercised no care whatever to avoid the collision, and offered no excuse whatever for his failure to do so; that "while persons using a railway crossing have the right to expect that the law requiring signals will be obeyed, this is not a substitute for the duty of exercising care for themselves, and they are not excused from that duty by the fault of the other party."

In the case at bar, appellee was upon appellant's depot platform at the time he was injured, with the knowledge, acquiescence and implied permission of appellant, if not by its invitation, soliciting guests for his hotel in the manner and way in which it had been done, without accident or injury to him, for fifteen or sixteen months. He had never seen, during all this time, the truck backed along or over the platform while the crowd was there and the train still standing at the depot, as was the case on this occasion; and, especially in view of the fact that a number of appellant's passengers were on the platform to whom it owed the highest degree of care not to injure, the moving of the truck through them as was done was not to be expected by appellee. According to his testimony, the work of moving the baggage, express, etc., on the trucks previous to this time had been done after the people at the depot had dispersed and the train gone.

From the testimony of Morris Dew, the agent of appellant who pushed the truck against appellee, it may fairly be inferred that he was moving the truck at an unusual time and with unusual haste, as indicated by the testimony of appellee. He said: "I loaded this five hundred or six hundred pounds on that truck as quick as I could. The boys were up at the depot waiting for me to get through as quick as I

could, and go with them.  . . .  I and the other boys were preparing to go up and ring the school bells and church bells, and ring out the old year, when I got through work.  I was trying to get through my work as quick as I could and go with them.  When I got down to the station there I found the train was twenty-five minutes late. Just as soon as the trucks were loaded I backed those trucks right through the crowd of people.  . . . .  I could have, if I wanted to take the time, pulled the trucks around and pulled them through the crowd.  In pulling the trucks that way I could have seen whether or not there was anybody in the way.  It would have taken more time to have pulled them around.  I did not do it that way that night.  . . . I knew that the platform was a place where people frequently assembled whenever trains came in." Under these circumstances, if appellee was required to keep a lookout to save himself from being struck and injured by the truck, of which we have grave doubts, we think it can not be said, as a matter of law, that he was guilty of contributory negligence; that he offered no such excuse for failing to look and listen for the truck as entitled him to have the question of whether or not he was guilty of negligence, proximately contributing to his injuries, submitted to the jury for their determination.  Chambers v. Dallas Con. Elec. St. Ry. Co., 56 Texas Civ. App., 309.

The fourth assignment of error complains that the court erred in refusing to instruct the jury, at appellant's request, as follows: "You are instructed that the plaintiff, H. S. Kent, assumed the risk of being injured at the time and place he was injured, and unless you find that the injury was intentionally inflicted, or was the result of gross negligence, or the wilful or reckless disregard of plaintiff's presence, you will find for the defendant." We think this charge was properly refused.  Appellee was, at least, a licensee, and not a trespasser, upon appellant's depot platform.  He had notoriously, and with the actual knowledge, permission, and implied consent of appellant's agents in control of said platform and depot house at Mertens, constantly sought and secured upon said platform for fifteen or sixteen months, from among appellant's passengers arriving there, guests for his hotel.  From such permissive use of its platform, appellee's presence there, at the time he was injured, for the purpose of soliciting customers, could reasonably be expected by appellant's agents, and they owed him the duty of exercising ordinary care to avoid injuring him.  Especially is this true, since appellee's injuries were the result of the active negligence of appellant's agent in driving the truck against him, and not the passive negligence of failing to keep its platform in a safe condition.

In this respect, as well as in the fact that no such use had been made of its premises by Post with the railway company's knowledge, acquiescence, or implied consent, as was made by appellee of appellant's platform, the case is clearly unlike the case of Post v. Texas & Pac. Ry. Co., decided by this court and reported in 23 S. W., 708.  In that case it did not appear that Post had ever been to the railway company's depot before the night he was injured to secure boarders, and while it was shown that he was there at the invitation of an employe of the company, it was not shown that it was within the scope of such em-

ploye's agency to invite boarding-house keepers to the depot to solicit customers. The railway company had constructed a platform around its depot about four feet high, and, in leaving, Post fell from it and was injured. In affirming the judgment of the District Court this court said: "The appellant was at the depot solely on his own business, with which the railway company was in no way concerned, and was under no duty to appellant (Post) to keep its depot in a safe condition; that if it could be said appellant was at the depot by invitation of the railway company's agent, there was nothing to show that such invitation was within the scope of his authority so as to bind the company." That is a materially different case from the one now before us, and the principle therein announced is not applicable to the facts of the present case.

We have not discussed the case from the standpoint, as we probably might safely have done, that appellant's depot grounds, by reason of the general use to which they are appropriated, are quasi-public, and that in as much as appellee accompanied one of his guests to appellant's depot, who intended to and did become a passenger of appellant, for the purpose of assisting him in carrying his baggage and to see him depart, as well as to meet and so assist such customers as he might secure to his hotel, he was as rightfully upon the platform as the passengers themselves. (33 Cyc., p. 762; Tobin v. Portland, S. & P. Ry. Co., 59 Me., 183.) We have preferred to rest our decision upon the ground that appellee was a licensee, under such circumstances as required the exercise of ordinary care on appellant's part not to injure him. However, in the case of Tobin v. Railway Co., *supra,* it was held that a hackman carrying passengers to the railway company's depot for transportation and aiding them to alight upon the platform of the company was as lawfully on the platform as the passengers alighting.

The assignment that the verdict is excessive will be overruled. The evidence is sufficient to warrant the conclusion that appellee by the negligence of appellant, as charged, not only received a severe scalp wound, but a serious permanent injury to his spinal column, which has and will, probably, cause him much physical and mental pain, and largely impair his capacity to labor and earn money.

We have found no reversible error in the record and the judgment of the court below is, therefore, affirmed.

*Affirmed.*

Writ of error refused.