HOWARD CAREY, APPELLANT, v. JOSHUA B. GRAY, EMMA I. GRAY AND JOHN W. FLYNN, RESPONDENTS.

Submitted July 10, 1922—Decided November 20, 1922.

1. Plaintiff's counsel in his opening stated the facts which he proposed to prove. He did not state facts set forth in the complaint or state that he proposed to prove with the facts stated the facts appearing in the complaint. The trial judge then restated the facts given in the opening. Plaintiff's counsel then stated his legal contention from the facts as restated by the trial judge. A nonsuit was directed. *Held*, that on appeal plaintiff's counsel is not entitled to rely upon facts stated in the complaint to reverse the judgment of nonsuit, as his action at the trial was a waiver of reliance upon facts appearing in the complaint and not stated or referred to in his opening as facts he proposed to prove.

2. F., the lessee of a dwelling-house, engaged C. to disinfect the house. C. went to the house, which was unoccupied, at night to do the work. While thus engaged C. desired to use a toilet. Finding the toilet in the house unusable, C. left the house and discovered a closet in the yard, which he entered without a light. The closet had no floor and C. fell into the vault and was injured. C. sued F. and the lessors of the premises. *Held*, that at the time of the accident C. was pursuing a purpose of his own; that he was exceeding the bounds of his invitation; that his status was that of a licensee and not an invitee, and that F. and the lessors were not liable to respond in damages for the injuries he sustained.

On appeal from the Warren County Circuit Court.

For the appellant, *William C. Gebhardt & Son.*

For the respondents, *Smith & Brady.*

The opinion of the court was delivered by

KATZENBACH, J. The appeal in this case is from a judgment of nonsuit directed by the trial court to be entered upon the conclusion of the opening of the plaintiff's case. The defendants, Joshua B. Gray and Emma I. Gray, were the owners of a house, in the town of Phillipsburg, which they

leased to the defendant, John W. Flynn. Flynn employed the plaintiff, Howard Carey, to disinfect the house. Carey went to the house, which was unoccupied, at night to do this work. While thus engaged he desired to use a toilet. He found the toilet in the house out of repair and not usable. He then left the house and discovered in the yard of the premises a closet which, in the darkness of the night, without a light, he entered. There was no floor in the closet. The plaintiff fell into the uncovered vault and was injured. He instituted this action to recover damages for the injuries he sustained upon the theory that the defendants were under a duty to have used ordinary care to have the closet in a reasonably safe condition for his use. The opening statement of the plaintiff's counsel is not a part of the record. There is printed, however, the colloquy between the trial judge and the plaintiff's counsel at the conclusion of the opening, in which the facts as given above were stated by the court. With this statement the plaintiff's counsel appears from the record to have acquiesced, as he immediately after the court had restated the facts stated his legal contention from the facts as stated by the court. The same facts are also stated in the appellant's grounds of appeal.

The first point made in the appellant's brief is that the court erred in granting the nonsuit on the opening, as the facts stated in the colloquy mentioned, plus the allegations set forth in the complaint, stated a good cause of action, and that the case of *Davenport* v. *Holden*, 95 *N. J. L.* 197, holds that a nonsuit cannot be granted on the opening of counsel where the complaint states a good cause of action.

The case of Davenport v. Holden did not so hold. In that case, which was one for the alienation of a wife's affection, the plaintiff's counsel stated fully in his opening what it was proposed to prove. A motion to nonsuit on the opening was made on the ground the counsel's statement had disclosed no act on the part of the defendant showing that the defendant had willfully, maliciously and intentionally alienated the wife's affections. This was a question for the determination of the jury. In affirming the trial court's disposition of the

motion, this court said: "Where a motion to nonsuit is based on an opening statement, the plaintiff is entitled to the benefit of all facts proposed to be proved, whether contained in the opening statement or pleadings, and the reviewing court must regard them as proved." This cannot be construed as giving to a plaintiff the benefit of facts set forth in a complaint when in the opening statement counsel does not state that he relies upon or proposes to prove the facts set forth in the complaint. In the present case the plaintiff's counsel in his opening did not state that he proposed to prove the facts set forth in the complaint. He made a statement of the facts he proposed to prove. These facts were then restated by the court and the court's statement of the facts was acquiesced in by plaintiff's counsel. This amounted to a declaration that the only facts proposed to be proved were those stated in the opening. It was, in effect, a waiver of reliance upon facts stated in the complaint and not stated or referred to in the opening. After counsel has had an opportunity of stating the facts he proposes to prove and the court has passed upon the legal sufficiency of those facts to constitute a good cause of action, counsel cannot then fall back in the appellate court upon facts stated in the complaint to obtain a reversal of the judgment of nonsuit. Had the plaintiff's counsel in his opening stated that in addition to the facts stated he would rely upon and prove the facts set forth in the pleadings, and the pleadings stated a good cause of action, the case would have come within the decision of Davenport v. Holden, and the granting of the motion to nonsuit would have, under these circumstances, been error.

This brings us to the consideration of the question whether, upon the facts stated in the opening, the nonsuit granted was proper. In this state the subject of the duty owing by owners or occupiers of lands to those who enter thereon permissively or by invitation, express or implied, has been most exhaustively and learnedly treated in the opinion of Mr. Justice Depue (afterwards Chief Justice) in the case of *Phillips* v. *Library Co. of Burlington,* 55 *N. J. L.* 307. In that case it was held, among other things, that an owner of lands owed

no duty to those who entered and passed over the same by permission or acquiescence of the owner .in such passage, except to refrain from acts willfully injurious; but that an owner or occupier of land who, by invitation, express or implied, induces persons to come upon the premises is under a duty to exercise ordinary care to render the premises reasonably safe. In commenting upon the duty of an owner or occupier of lands to an invitee, Mr. Justice Depue said: "Granting that it appears that a plaintiff's entry upon premises was by the invitation of the owner, a question may also arise whether, at the time the injury was received, the plaintiff was in that part of the premises into which he.was invited to enter. The owner's liability for the condition of the premises is only co-extensive with his invitation.

"A person on private grounds, by invitation of the owner, going by his own volition into other parts of the premises, exceeds the bounds of his invitation, and if he does not thereby become a trespasser, goes out of the way to create a risk for himself."

Our reports contain numerous cases where persons who have been invited upon premises have sustained injuries for which the owner or occupier has been held not to be responsible because the invitee has used the premises for a purpose not included within the bounds of the invitation. Such a case is that of *Ryerson* v. *Bathgate et al., 67 N. J. L.* 337. In this case it appears that Mrs. Ryerson was the owner of a cat of which she desired to be rid. She made known her desire to the manager of Bathgate & Swift's butcher shop, who suggested that she bring the cat to the butcher shop, as his employers were in need of one. Mrs. Ryerson did so; but the cat, not. being as desirous as Mrs. Ryerson was to have its domicile changed, jumped from her arms on its arrival at the butcher shop and ran back to the home of Mrs. Ryerson. Mr. Swift, who was in the shop, suggested to Mrs. Ryerson that she make another effort at delivery. This she did, and, recalling her former experience, told the manager upon her arrival with the cat that he must put the cat in a

closet. The manager walked to a door and partially opened it and said: "Put her in here." Mrs. Ryerson, thinking it was a closet, stooped and ran towards the door with the cat, which, at that moment, sensing its disposal, was vigorously scratching Mrs. Ryerson. She stepped inside the door, which led to the cellar and not a closet, and fell down a flight of steps to the cellar floor. For the injuries she sustained, Mrs. Ryerson sued. This court held that the partially opened door was only for the entrance of the cat; that Mrs. Ryer-son had exceeded the bounds of her invitation by entering the door, and that in her descent to the cellar her status changed from an invitee to a licensee.

The case of *Furey* v. *New York Central and Hudson River Railroad Co.,* 67 *N. J. L.* 270, is another case in point.. The railroad company occupied a shed upon a river pier used for loading and unloading freight trains which were broken in order that each car might stand opposite to one of the doorways in the side of the shed. The plaintiff, a painter engaged in painting the outside of the shed, was held to have exceeded the bounds of his invitation in attempting to pass through one of the openings in a train, which opening, without warning to him, was closed by the movement of the train, catching him between the cars and injuring him.

There are numerous other cases in our reports to the same effect, but those mentioned will, perhaps, suffice to show that an invitee upon premises may by some act of his lose his status as an invitee and lose the right to protection against defects in the premises which as an invitee he enjoyed.

Let us then apply these legal principles to the facts of the present case. The defendant Flynn engaged the plaintiff to disinfect the house. When the plaintiff went to the house for this purpose, he was upon the premises by the implied invitation of Flynn. Flynn owed him the duty, while engaged in his work, of exercising ordinary care to render the premises reasonably safe for the work for which he was engaged. The implied invitation to enter the house, which was an incident to the contract made between Flynn and the

plaintiff, was not an invitation to the plaintiff to use, if occasion required, either the toilet in the house or the closet in the yard. The plaintiff was a workman casually employed to work in an unoccupied house which he knew from observation, before he went to the yard, was out of repair. He was not a servant and member of a household to whom a master would owe a duty to use ordinary care to furnish reasonably safe toilet facilities. When the plaintiff left his work to seek a toilet he was pursuing a purpose of his own. He was then exceeding the bounds of his invitation. He was deprived during his search for a toilet of the right of protection against dangers or pitfalls upon the premises which he enjoyed while prosecuting the work for which he was hired. His status became that of a licensee. When the plaintiff went to the yard and entered the defective closet he did so at his own risk, and Flynn was not responsible for his injuries. It follows that if Flynn, who had hired the plaintiff, is not liable to the plaintiff, that the owners of the premises, Mr. and Mrs. Gray, who had no knowledge that the plaintiff was to enter upon the premises, are also not liable to the plaintiff.

As the question involved in this case is one upon which in other jurisdictions there has been considerable contrariety of opinion, it may, perhaps, be interesting to call attention to a few of the leading cases in other states holding the view we adopt. In the case of *Glaser* v. *Rothschild,* 106 *Mo. App.* 418, the plaintiff by invitation had come to the defendant's place of business. While waiting for the defendant to be at leisure, the plaintiff requested and obtained the key of a toilet located in the basement of the building. In going to the toilet he found the passageway blocked with boxes, and in going around them in a poor light, fell into an elevator pit. The court held that the plaintiff had become a licensee and the defendant was not liable.

In *Flanagan* v. *Atlantic Alcatraz Asphalt Co.,* 56 *N. Y. Supp.* 18, the plaintiff was employed to haul asphalt from a yard. He left his team, and without the owner's invitation

went to another part of the yard to answer a call of nature. A gate fell, injuring him. It was held that he could not recover. The court said: "He had a right to believe that all reasonable care had been used by the owner to protect him upon the portion of the premises where his work required him to go; but, when he left the portion of the premises upon which he was invited, and went over to this gate for reasons of his own, he went there at his own risk, and in that position he was not entitled to assume that the defendant would use all reasonable care to protect him."

In *Schmidt* v. *Bauer,* 80 *Cal.* 565, the plaintiff was in defendant's saloon to which which was attached defendant's dwelling. He asked the defendant to direct him to a urinal, which the defendant did, along a public passageway. The plaintiff turned aside and entered defendant's dwelling and was injured by a defective floor. It was held that the defendant was not liable.

In *Cristiano* v. *Miller,* 36 *N. Y. Supp.* 419, a plaintiff who had called at a brewery on business, and while there went in a tunnel without the knowledge or permission of the proprietor to respond to a call of nature, and was injured by the tipping of a grating covering a hole when he stepped on the grating, was held to be a licensee at the time of the injury, and not entitled to recover for his injuries from the proprietor.

Where a plaintiff has been permitted to recover for a defect in a toilet, or for injuries sustained in going to a toilet, it will be found that the invitation of the owner or occupier of the premises extended to the use of the toilet. Thus, in *Phillps* v. *Library Co., supra,* the library company had permitted members of the lodge, to which the plaintiff belonged, to use the toilet to which the plaintiff was going when she fell into an excavation made in a path customarily used in going from the lodge room to the toilet.

In holding, as we do, that the nonsuit was properly granted, because the plaintiff at the time of the accident was exceeding the bounds of his invitation and was a mere

licensee, it becomes unnecessary to consider whether the plaintiff, in entering at night without a light a building with which he was unfamiliar, was guilty of contributory negligence.

The judgment of nonsuit is affirmed, with costs.

SWAYZE, J. (dissenting). I am unable to agree with the majority of my brethren. I think the circumstances of the case made it for the jury to say whether the plaintiff was invited to use the privy, and if he was not, whether a privy in the usual place apparently meant for the usual purposes, without a floor is not in the nature of a trap, as to those rightfully on the premises. Of course, this applies only to the liability of the occupant and not to the liability of the landlord. So far as the judgment in favor of the occupant is concerned, I vote to reverse. I think I am sustained by the law as stated in *Poll. Torts* (11th Eng. ed.) 316, 523, and cases collected in 29 *Cyc.* 456, 458, 469, 470.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For affirmance as to judgment in favor of defendant Gray only*—THE CHANCELLOR, SWAYZE, J. 2.

*For reversal as to the judgment in favor of defendant Flynn*—THE CHANCELLOR, SWAYZE, J. 2.