## PUBLIX THEATRES CORPORATION v. CARPENTER.
### No. 11086.

Court of Civil Appeals of Texas. Dallas.
Dec. 17, 1932.

Rehearing Denied Jan. 21, 1933.

See, also (Tex. Civ. App.) 25 S.W.(2d) 695.

Thompson, Knight, Baker & Harris and Adair Rembert, all of Dallas, for appellant.

Renfro, Ledbetter & McCombs, of Dallas, for appellee.

LOONEY, J.

Jean Henry (who pending suit married Rufus Carpenter) sued Publix Theatres Corporation to recover damages for personal injuries, due to defendant's alleged negligence, received while she was witnessing a moving picture on exhibition in a building operated by defendant.

On a former appeal by plaintiff from an adverse judgment rendered on an instructed verdict, we held that the evidence on the issues of negligence alleged raised jury questions, hence reversed and remanded the cause for further proceedings. See report of the case in (Tex. Civ. App.) 25 S.W.(2d) 695 (writ refused), to which reference is made for a statement of the case, the issues presented, the discussion and authorities cited.

Plaintiff's petition was the same on both trials; defendant answered by general denial and special plea, to the effect that the structural conditions complained of by plaintiff as to the height of the guard rail around the edge of the balcony, the space between the front row of seats and the base upon which the guard rail rested, and all matters in respect to the construction of the balcony and its seating in and around the place from which Mary Lou Bills fell, were of standard and customary design and construction, and specially denied that the fall of Mary Lou Bills was proximately caused by the negligence of defendant.

The case, in our opinion, was properly submitted to the jury, and, as they answered all issues of negligence favorable to plaintiff, except findings upon which the court rested judgment, discussion of another phase of the case is obviated.

The jury findings on the issue of negligence favorable to plaintiff are based upon substantially the same pertinent facts as on first appeal, were made in response to special issues Nos. 6, 7 and 8, and are to the effect that defendant failed to maintain a reasonably safe passageway next to the guard railing in the balcony, above where plaintiff was sitting; that such failure was negligence and a proximate cause of the fall of Mary Lou Bills from the balcony upon Jean Henry, inflicting the injuries of which complaint is made. In addition to the jury findings, the court found "all unsubmitted issues and facts" in favor of plaintiff, and the jury having assessed the damages at $5,500, judgment was rendered in favor of plaintiff for that amount, from which defendant appealed.

Appellant urges a number of propositions; their combined effect being that the findings of the jury upon which the judgment is based are manifestly wrong, requiring reversal, because not supported by evidence, in that the great weight of the evidence shows that the fall of Mary Lou Bills from the balcony upon plaintiff was caused by no fact or circumstance other than that the Bills girl swooned, became insensible, and fell from the balcony; and that the occurrence being so unusual and unforeseeable, appellant, in the exercise of ordinary care, would not have anticipated the event.

In rendering judgment for appellee, it is obvious that the court, finding against appellant's swoon theory, acted upon the findings of negligence in respect to the manner in which defendant maintained the narrow, darkened passageway between the front row of seats and the railing around the edge of the balcony. This was an issue that we held on former appeal sufficiently sustained by evidence to raise a jury question, and remanded the case for further proceedings. These findings of the jury, on substantially the same evidence as presented on first appeal, established the issue as a negligent, proximate cause of the fall of the Bills girl, and brought the case within the doctrine of the "law of the case"; its general rule being that a question of law decided on appeal will govern throughout subsequent stages of the case, including decisions that determine the sufficiency of evidence to raise or to establish an issue, where the facts on each appeal are substantially the same. See authorities cited in Clem v. Fulghum (Tex. Civ. App.) 37 S.W. (2d) 201, 203, 204.

As indicating a ground upon which the case was reversed and remanded on first appeal, we quote from the opinion by Chief Justice Jones, he said, in part [25 S.W.(2d) 697]: "The proof established the height of the railing and width of the aisle to be as alleged, and also that the theater was dark and the front row of seats in the balcony was occupied; that the girl, Mary Lou Bills, arose from this front row of seats to leave the theater, and that immediately thereafter she fell over the railing; that her fall resulted in appellant's injury. The immediate cause of this fall is left to inference from the other facts and circumstances in the case. When Miss Bills was first seen, after she had screamed, she was below the railing, falling with her body parallel to the floor and her hands outstretched. * * * The falling of a person from a balcony in a public theater is such an occurrence that does not happen in the ordinary course of things, if the management has used ordinary care to guard against such an occurrence. Such an occurrence could be brought about by an occupant of the balcony attempting to use the narrow and darkened aisle for exit, and in such attempt is suddenly precipitated against the railing, and is unable to protect himself in such an emergency from falling on account of the railing being too low for such purpose. It is a reasonable inference to be drawn from the evidence that the fall of Miss Bills resulted from these causes."

Again, on motion for rehearing, he said: "In the instant case, the evidence, in our opinion, clearly raises the issue of the negligence of appellee in creating a dangerous condition as to the use of the aisle in question by patrons of appellee's theater, and we shall not enlarge upon the discussion in the original opinion in this respect."

The doctrine of the "law of the case" announced in Clem v. Fulghum, supra, and the authorities there cited, in our opinion, rules the case, requiring its affirmance. We have given careful consideration to all assignments and propositions urged by appellant, and, finding no reversible error, the judgment of the court below is affirmed.

Affirmed.