## TEXAS PACIFIC COAL & OIL CO. v. BRIDGES et al.

### No. 1715.

Court of Civil Appeals of Texas. Eastland.

Nov. 19, 1937.

Rehearing Denied Dec. 17, 1937.

Seay, Malone & Lipscomb, of Dallas, and Oxford & McMillan, of Stephenville, for appellant.

J. Manley Head and R. L. Thompson, both of Stephenville, for appellees.

FUNDERBURK, Justice.

On the night of October 10, 1934, Kenneth Bridges, 12 years of age, while attending a picture show in Thurber, operated by a lessee in a building owned by Texas Pacific Coal & Oil Company, left the show and went a distance of about 35 feet to the northwest side of a small brick building, a meter house, owned by said company, for the purpose of urinating. The place where he went was dark, and he fell into a pit or meter box, near the west wall of the brick house, used as a gate or cut-off for a gas pipe line also belonging to said company. As the result he sustained serious and permanent injuries. The land upon which the meter house and the meter box were situated, while the property of said company, was not a part of the property covered by the lease to the operator of the picture show.

This suit to recover damages for such injuries was brought by said Kenneth Bridges, a minor, by S. G. Bridges as his next friend. The latter also sued in his individual capacity, seeking judgment in his own favor for loss of services and expenses resulting from the same injuries.

In response to special issues submitted, the jury, by their verdict, found that Kenneth Bridges was on the premises of the defendant, at the time and place of his injury, under an implied invitation of, and from, the defendant; that the defendant left open and uncovered a meter box on the west side of its brick house; that the

plaintiff Kenneth Bridges fell into the open and uncovered pit or meter box and broke his leg; that the leaving of an open and uncovered pit or meter box was negligence; that such negligence was the proximate cause of the injury; and that the damages sustained by said Kenneth Bridges was the sum of $5,000. It was further found that the injury to Kenneth Bridges was not the result of an unavoidable accident. Upon the cause of action asserted by S. G. Bridges, individually, it was found that he suffered no damages.

Before submitting issues to the jury the court refused a request of the defendant to instruct a verdict in its favor; and, after return of the verdict, a motion of defendant to render judgment in its favor, notwithstanding the verdict, was also overruled. Judgment in accordance with the verdict having been rendered in favor of Kenneth Bridges against the defendant, and in favor of the defendant against S. G. Bridges individually, the defendant and plaintiff S. G. Bridges have appealed.

We are first called upon to determine whether, when tested by a general demurrer, plaintiffs' petition was sufficient to state a cause of action. The particular point made against the sufficiency of the petition is that the legal effect of averments therein was to show that Kenneth Bridges, when injured was either a trespasser or a mere licensee to whom the defendant owed no duty, except the duty not to wilfully injure him; there being no pleading or proof intended to show that the defendant did wilfully injure him. Had the plaintiffs by their pleading, the sufficiency of which is thus challenged, attempted to allege no ground of negligence other than the one which was submitted in the issues to the jury, we should, we think, readily conclude that the pleading was insufficient. But plaintiffs, by their petition, undertook to show liability of the defendant on several different grounds of negligence, some of them involving widely different theories. All these would have to be carefully and separately considered in passing upon the question of whether the court should have sustained a general demurrer. The result could well be that we should decide that the pleading was sustainable, but possibly only because of allegations of some ground of negligence not even attempted to be proved, or, if so, as a matter of law, not supported by any competent evidence. Under these circumstances we have, therefore, concluded that we are justified in pretermitting consideration of all questions involving the sufficiency of the pleadings; it not clearly appearing that the pleadings are insufficient and proceeding upon the assumption of their sufficiency. All questions raised upon the action of the court in overruling special exceptions are, under our conclusions hereinafter stated, rendered immaterial.

Counsel for all parties seem to entertain no difference of opinion that if the uncontroverted evidence shows conclusively that the boy Kenneth Bridges did not at the time, and on the occasion of, his injury have the status of an invitee of the defendant upon the premises, no liability was shown. Whether this correctly states the attitude of all parties or not, it is, we think, a sound premise upon which we may further proceed.

The evidence we think established conclusively that the premises upon which the meter box was located, and into which the lad fell and was injured, was the property of the defendant, adjoining but separate from that which was occupied under lease by the owner of the picture show; that the boy went upon the premises for a purely and exclusively private purpose of his own. It was neither shown by any evidence, nor even contended, that he was upon the property in response to any express invitation. If, therefore, he was an invitee, his status as such must have arisen by implication. There was, it seems to us, no evidence of any facts legally sufficient to imply such invitation or to raise an issue of such fact. According to plaintiffs' own evidence, by which they are bound, the boy went upon the premises solely for a purpose so purely personal to himself as by its very nature to exclude the idea that it was one for the mutual benefit of himself and the defendant, or of exclusive benefit to the latter. Therefore, the facts most commonly relied upon to imply invitation, in such cases, are wholly absent. Another state of facts recognized as implying an invitation under the doctrine of attractive nuisances is also not only absent, but the existence thereof affirmatively excluded. There was no pleading presenting that basis of an implied invitation.

If it be conceded that in addition to the above, other facts may, under particular circumstances, imply invitation, it seems clear that any facts in this case which could be thought to come within such class, when given their strongest effect in favor

of the plaintiffs, go no further than to raise an issue as to whether Kenneth Bridges was a trespasser or a licensee, and fall short of raising the issue that he was an invitee.

██ It seems to be considered that if the boy was not wrongfully upon the premises so as to constitute him a trespasser, he was necessarily, as the only other alternative, an invitee. It may be admitted that there are expressions in some of the decisions in this state which tend to lend some support to that view. But we are not prepared to sanction a proposition to the effect that upon a question of the owner's liability for an injury resulting from unsafe conditions on his land there is no distinction between a mere licensee, who is not a trespasser, and an invitee. On the contrary, we regard the proposition as too well established and supported by both reason and authority to be seriously questioned; that as regards a claim of negligence based upon breach of duty of the owner to keep private premises in a reasonably safe condition, there is no distinction between a trespasser and a licensee. The difference between a trespasser and a mere licensee is that the former commits (technically) a wrong to the landowner by being on the premises; while the latter, by virtue of consent or acquiescence of the owner, does not. However, each alike must take the premises as he finds them, and cannot hold the owner to liability based upon negligence in failing to make the premises safe. Of many decisions dealing with licensees, actually or hypothetically, as distinguished from trespassers and supporting the proposition that as to both trespassers and mere licensees alike the duty with regard to keeping premises safe is no different, we may cite the following: Galveston, H. & S. A. Ry. Co. v. Matzdorf, 102 Tex. 42, 112 S.W. 1036, 1038, 20 L.R.A.(N.S.) 833, 132 Am.St.Rep. 849; City of Greenville v. Pitts, 102 Tex. 1, 107 S.W. 50, 14 L.R.A.(N.S.) 979, 132 Am.St.Rep. 843; St. L. S. W. Ry. Co. v. Spivey, 97 Tex. 143, 76 S.W. 748; Denison L. & P. Co. v. Patton, 105 Tex. 621, 154 S.W. 540, 45 L.R.A.(N.S.) 303; Blossom Oil & Cotton Co. v. Poteet, 104 Tex. 230, 136 S.W. 432, 35 L.R.A.(N.S.) 449; Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am.St.Rep. 611; Bleich & Co. v. Emmett (Tex.Civ.App.) 295 S.W. 223; Slough v. W. G. Ragley Lumber Co. (Tex.Civ.App.) 76 S.W. 779; Post v. T. & P. Ry. Co. (Tex. Civ.App.) 23 S.W. 708; Kruse v. H. & T. C. Ry. (Tex.Civ.App.) 253 S.W. 623; Kirby Lumber Co. v. Gresham (Tex.Civ.App.) 151 S.W. 847; Wimberly v. Gulf Prod. Co. (Tex.Civ.App.) 274 S.W. 986; Street Realty Co. v. Forrister (Tex.Civ.App.) 22 S.W.2d 746; McGinty v. Texas Power & Light Co. (Tex.Civ.App.) 71 S.W.2d 354; El Paso Laundry Co. v. Gonzales (Tex.Civ. App.) 36 S.W.2d 793; Mendoza v. T. & P. Ry. Co. (Tex.Civ.App.) 70 S.W.2d 261; Flippen-Prather Realty Co. v. Mather (Tex.Civ.App.) 207 S.W. 121.

██ The duty which the owner or occupant of premises does not owe, under the terms of the above proposition, either to a trespasser or a licensee, and a failure to perform which cannot, therefore, constitute actionable negligence is the affirmative duty to have and maintain the premises in a reasonably safe condition. The necessary predicate to liability based upon a failure to perform that duty would involve omissions or acts left undone, and not commissions or acts done. Unless this essential nature of the rule be kept in mind, confusion and misunderstanding will inevitably result. Circumstances may give rise to a duty due by the owner or occupant of premises to a trespasser or licensee. Sometimes such a duty may be due to a licensee and not to a trespasser. Such duties are not included in, but are additional to, the duty not willfully to injure a trespasser or licensee. When such a duty thus arises and exists, it is an affirmative duty. The necessary predicate to liability based upon a failure to perform such duty would involve acts done and not acts left undone. The negligence predicated upon the failure to discharge such a duty would be active negligence.

In Galveston, H. & S. A. Ry. Co. v. Matzdorf, supra, the Supreme Court, after considering conflicting authorities, declared that a mere friend who accompanies one, purposing to become a passenger, to the depot, not for the purpose of aiding or serving such friend in such purpose, was not an invitee, but a mere licensee to whom the railroad company owed no duty to maintain its waiting room in safe condition. It was made clear that *other* duties might be owing the mere licensee. The court said: "In not a few of the cases in which the doctrine has been referred to, the *real ground* on which the carrier was sought to be held liable was that of *active negligent conduct* of its employés towards persons at stations or upon trains. It is scarcely nec-

essary to say that we have before us no such case, or that our decision would not affect a right of recovery of that kind. Persons who go to such places upon occasions *like that which took plaintiff to defendant's waiting room are not there unlawfully or wrongfully, and their rights as licensees* to complain of active negligence by which they are injured is unquestioned. The question here is whether or not the carrier owes them the *affirmative* duty of keeping its premises safe for their use as persons invited by it to go there, and we must hold that it does not owe that duty." (Italics ours.) See, also, 30 Tex.Jur. p. 859, § 176; 45 C.J. 804, § 209; 49 A.L.R. note p. 778; Houston Belt & Terminal Ry. Co. v. O'Leary (Tex.Civ.App.) 136 S.W. 601; St. Louis S. W. Ry. Co. v. Balthrop (Tex.Civ.App.) 167 S.W. 246; Allison v. Haney (Tex.Civ.App.) 62 S.W. 933; International & G. N. Ry. Co. v. Kent, 58 Tex.Civ.App. 272, 124 S.W. 179. To give an example of the practical application of the distinction thus so clearly pointed out, let us suppose that in Kruse v. H. & T. C. Ry. Co., supra, plaintiff, instead of predicating his claim of negligence upon a failure of duty as to the unsafe condition of the platform, had sought to charge the defendant with negligence based upon striking him by swinging a crane across the platform where the fact of his license and the probability of his presence thereon by reason of such license gave rise to a duty to anticipate his presence. Of course, a very different question of liability would in such case be presented.

In addition to facts and circumstances which have been held to imply an invitation, as already noticed, there are a few decisions which declare, or seem to recognize, the proposition that under some circumstances the relation of one injured to some other person who does occupy the status of invitee upon premises may by virtue of such relation be regarded as having also the status of an invitee. Galveston, H. & S. A. Ry. Co. v. Matzdorf, supra. We need not examine this proposition carefully with the view of determining the precise conditions under which it may exist or operate, and of possible limitations upon, or qualifications to, its operation; since it is, at once, apparent that it can have no application to the instant case; there being no claim made nor pretense of evidence to show that the child, Kenneth Bridges, was on the premises with, or in the aid or service of, any other person.

The facts, granting them to be facts, that the land just west of the meter house and the place of injury was permitted to be used as a place for parking cars by patrons of the picture show, and that there was a bandstand about 75 yards south of the picture show building and the meter house, show no more than a mere license to those using such grounds for any of such purposes. But entirely aside from that, and even if it should be granted that such facts might show an implied license for such purpose, the evidence definitely excludes the essential fact that the Bridges boy was upon the premises for any such purpose, or for any purpose having any necessary or proper relation thereto.

The contention upon this point presents another good example of a failure to note the distinction between the two kinds of duty already discussed; one of which the owner or occupant of premises does not owe to a trespasser or licensee, and the other he may owe to a licensee and, according to some circumstances, to a trespasser. The evidence as we view it showed the existence of no duty of the defendant to Kenneth Bridges consisting of a failure to keep the place of his injury in a safe condition for his use, since by the undisputed evidence the boy, if not a trespasser, was at most a mere licensee. But suppose the pleadings and evidence had shown such a general and continued use of the premises, including the place of the injury, as reasonably to imply a license to the patrons of the picture show, or members of the public generally, to go upon the property for the purpose the child did go, there being, however, no pit or meter box or other unsafe condition there existing, and had made the pit or meter box leaving it open and dangerous so recently that a person of ordinary care would have foreseen as likely that persons having knowledge of such use and absence of dangerous conditions might before discovering the changed condition and upon the assumption that there had been no change go there in the darkness and be injured. Manifestly, such would be a very different case from the one presented. Essential facts were neither alleged nor proved to show a liability upon such a theory.

We are unable to see that there is any relevancy between the fact and manner of the child's injury, and the fact that he had just come from the picture show. True it is, that one of the grounds of negligence

alleged was the failure of the defendant to equip the theater with a toilet. Aside from the fact that the negligence thus alleged could not, as we think, under the undisputed evidence, and as a matter of law, be a proximate cause of the injury, it was waived by the failure of the court to submit it, and absence of request by the plaintiffs for its submission. Certainly, we think, there can be no merit to a contention, if made, that the interest of the defendant as landlord of the lessee of the picture show building, and a general altruistic interest in having a theater operated in the town as a means of affording a place of amusement for defendant's many employees, can affect the vital question of whether Kenneth Bridges was, or was not, an invitee or a mere licensee or trespasser on other property than that occupied by the theater.

The large record herein bears evidence we think that the case was fully developed, and since it is our conclusion that the request for a peremptory instruction should have been given, or, failing that, that the motion for judgment notwithstanding the verdict should have been sustained, and judgment rendered for the defendant, for which reason the judgment must be reversed, it would appear to be proper to render judgment for the defendant. It is accordingly our order and judgment that the judgment of the court below be reversed and judgment here rendered for the defendant.