**HUGHES PRODUCTION CO. v. HAGAN et al.**

No. 5656.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 6, 1940.

Rehearing Denied Nov. 21, 1940.

Thompson, Knight, Baker, Harris & Wright, of Dallas, Lightfoot, Robertson, Gano & Johnston, of Fort Worth, and Hurst, Leak & Burke and Stinchcomb, Kenley & Sharp, all of Longview, for plaintiff in error.

Jones & Jones, of Marshall, for defendants in error.

WILLIAMS, Justice.

Nira Dell Hagan and her minor son recovered judgment against Hughes Production Company, defendant below, for the death of their husband and father, Simon W. Hagan, who received fatal burns in an oil field gas fire which occurred upon defendant's leasehold and premises in charge of Ed Rosa, its foreman.

Subsequent to a reversal of this litigation upon a former appeal, reported in 114 S.W.2d 326, 331, Hughes Production Company v. Hagan, El Paso Court of Civil Appeals, plaintiffs filed amended pleadings. The latter contained the additional allegations that the property was being operated

at the time differently from defendant's usual and customary mode of operation without the knowledge of Hagan; and that defendant was violating a Railroad Commission rule applicable to the East Texas oil field which required the piping of gas to a point 150 feet from any producing well or other fire hazard, and there burned. In all other respects the pleadings of plaintiffs in the instant cause were substantially the same as in the former trial. The defensive pleadings as detailed in the former opinion substantially state the grounds of defense urged by defendant in this trial.

In response to special issues the jury found: (1) That Rosa at the time was acting within the course of his employment by defendant; (2) that Rosa operated the property so as to cause or permit large quantities of gas to escape within 150 feet of a fire in a heater; (3) that he operated the property so as to cause or permit large quantities of gas to explode or ignite; (4) that Rosa knew of the existence of unburned gas on the property at the time Hagan started to the premises and failed to warn Hagan of the existence of same. The jury found that each of these was negligence and a proximate cause of the injuries; and that the fire was not the result of an unavoidable accident. The jury was asked and made a general finding "that Hagan was not guilty of contributory negligence in remaining at the place where the heater was being operated on the occasion in question." With the exception of an inquiry on damages, no other issues were submitted or requested.

Defendant's request for instructed verdict, exception to the submission of these special issues, motion for judgment non obstante veredicto, and various propositions advanced, are predicated upon the contention that deceased was, at most, a mere licensee upon the private property of defendant; that as such, defendant owed Hagan no higher duty than not to wilfully or intentionally injure him, and that the jury's findings were those of simple or passive negligence, and as such can not form a basis for the judgment entered against it.

Only the witness W. J. Melear, the lone survivor of the fire, testified as to the facts and circumstances occurring immediately preceding and leading up to and including the unfortunate happening of the gas fire which resulted in the death of Hagan and the foreman, Rosa. His testimony as exhaustively detailed in the above-cited opinion was substantially the same as in the instant trial. There is no other evidence which enlarges upon or contradicts his testimony as there detailed in explanation of deceased's business or presence upon defendant's premises at the time of the fire. It is observed that Melear's testimony discloses that deceased entered the premises of his own volition. The evidence does not show, nor is it claimed, that deceased entered the premises on account of any character of business with either Rosa or the defendant. The El Paso court concluded: "From the uncontroverted facts and all the facts found in the record that Hagan, in going upon the premises of defendant where the explosion occurred, was not an invitee, expressed or implied, but was a licensee." This holding becomes the law of this case and this appeal will be governed and disposed of accordingly. Bower v. Yellow Cab Co., Tex.Civ.App., 35 S.W.2d 519, and authorities there cited; Askey v. Oliver Chilled Plow Works, Tex.Civ.App., 57 S.W.2d 210, and authorities there cited; Publix Theatres Corp. v. Carpenter, Tex. Civ.App., 56 S.W.2d 248; Houston Chronicle Publishing Co. v. Martin, Tex. Civ.App., 64 S.W.2d 816, 818.

Prior to and at the time Hagan started to and when he went upon defendant's premises, the well was being flowed; an open fire was under the heater; the gas coming off the separator was not being consumed by a fire at the end of the upright vent termed a flare; no flare was burning; and no plug was in the "T-joint" at the bottom near the ground and gas was being dissipated on or near the ground within 84 feet of the fire under the heater, and in the words of Melear, "right smart" gas was coming out. The appliances on the leasehold were then being operated in the way detailed by Melear, set out in the former opinion. Waste gas coming from a separator is generally burned or consumed in the East Texas field at the end of a vent pipe erected in an upright position about twenty feet in height. This is the usual method used by operators in this field to dispose of their waste gas. It is observed that the gas was not being disposed of in the usual and customary way, but, on the contrary, was being dissipated at or near the ground and at a point with-

in 150 feet of an open fire, contrary to the rules of the Railroad Commission governing same. This gas when so dissipated has a tendency to hug the ground and travel along low places. We deem it unnecessary to detail the explosive characteristics of natural gas when exposed to flame, spark or static electricity. It is sufficient to state that the conditions above detailed rendered the premises unsafe at the time Hagan went upon same. These conditions existed both prior to the time and at the time Hagan entered the premises and continued while he was there. There is no evidence that defendant or its agent made a single change or alteration in the operation of the appliances or in the premises after Hagan went upon same. Plaintiffs do not contend that any was made. There is no evidence that any appliance or gadget was touched by any one after these parties entered the premises. Melear testified that on this night the three passed on by the heater with the open fire under it and walked on to the "T-joint" at the vent, and there witness dipped up two cans of gasoline. Melear had walked away (distance not shown) when the gas fire occurred. The evidence does not affirmatively show what caused the explosion.

The El Paso court concluded that defendant owed Hagan (a licensee) "no duty to use care to keep the premises in such condition that persons going thereon without invitation would not be injured. * * * He takes the premises as he finds them." To the authorities there cited in support of this general rule may be added Meeks v. Cowart, 131 Tex. 36, 111 S.W.2d 1105; Mendoza v. T. & P. Ry. Co., Tex. Civ.App., 70 S.W.2d 261; Burnett v. Ft. Worth L. & P. Co., 102 Tex. 31, 112 S.W. 1040, 19 L.R.A.,N.S., 504; McGinty v. Texas P. & L. Co., Tex.Civ.App., 71 S.W. 2d 354; 49 A.L.R. 779; Houston Belt & Terminal Ry. Co. v. O'Leary, Tex.Civ. App., 136 S.W. 601, 604, and the authorities there cited and discussed.

In the O'Leary case, supra, the court stated: "In no case that we have examined or to which our attention has been called has it been held that the proprietor cannot be held liable to a licensee who while upon the premises is injured, not by conditions then existing on the premises, but by some affirmative negligence of the proprietor or his servants." Plaintiffs insist that the instant cause is fully controlled by that of the O'Leary case, and its disposition is covered by this exception to the general rule. It is their position that:

"* * * we are driven to the irresistible conclusion * * * that Rosa had, before he started for the appliances in Hagan's company, put the same in operation in the condition described by Melear. This positive act of beginning and continuing the operations of defendant's appliances with the plug taken out of the 'T-joint' at the bottom, so that gas would be dissipated upon the ground within 84 feet of an open fire, rather than burned at the upright end of the flare, constituted active negligence."

The court in the O'Leary case, after restating the general rule and above-quoted exception, further stated: "In both instances the premises were unsafe, one because of the existence of fixed conditions which in themselves rendered them unsafe, and the other, not because of the existence of such conditions, *but because of some negligent act committed by the proprietor or his servants which then created the danger and caused the attendant results.*" (Italics ours.)

In the O'Leary case the explosion was due to concussion brought about by defendant's active or affirmative negligence in switching a string of cars into the car loaded with fireworks, causing a succession of explosions. And there it was held that this "negligent act which caused the explosions will be regarded as having been committed at the time of the occurrence of each explosion." In effect, that the affirmative negligent act of "kicking" the box car occurred after the fireman had entered upon the premises. See Chief Justice Phillips' comment upon the O'Leary case in Houston Belt & Terminal Ry. Co. v. Johansen, 107 Tex. 336, 179 S.W. 853, 854; Galveston, H. & S. A. Ry. Co. v. Matzdorf, 102 Tex. 42, 112 S.W. 1036, 20 L.R.A.,N.S., 833, 132 Am.St.Rep 849; International & G. N. Ry. Co. v. Kent, 58 Tex.Civ.App. 272, 124 S.W. 179.

Plaintiffs contend that defendant had changed the condition of the premises, and permitted Hagan to enter without warning him of the change. It appears from the evidence that Hagan had worked in the oil fields since 1926, first as a

roustabout, and since 1929 as a switcher; that he had operated a nearby lease for several years; and at times prior to the accident he had worked or been upon the leasehold here involved. The evidence does not indicate if or when a change was made in the condition of the premises or in the operations thereon. There is no jury finding that a change had been made or that it was operated differently from the method used when Hagan was on it.

We pretermit a discussion of the other assignments of error as they are not likely to be presented upon another trial.

For the reason stated, the judgment is reversed and the cause remanded.