Oliver JAMEYSON, Appellant,

v.

FARMERS GIN CO–OPERATIVE ASSO-
CIATION, Appellee.

No. 12825.

Court of Civil Appeals of Texas.

San Antonio.

April 13, 1955.

**170**

Henrichson, Bates & Hall, Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

POPE, Justice.

Plaintiff has appealed from a judgment sustaining defendant's motion for summary judgment. The legal point presented is whether the plaintiff has shown a breach of any duty owing the plaintiff.

Farmers Gin Co-operative Association, through its manager, informed James J. Kline that if he would move an accumulation of cotton hull ash from the Gin premises, he could have it free for distribution on his farm. Mr. Kline employed the plaintiff, Oliver Jameyson, to haul the ash to his farm. Jameyson hauled several loads of the ash on a Saturday and the following morning hauled several more loads. About the middle of the morning, Jameyson walked upon the mound of ashes, which was seven or eight feet high, to estimate the number of remaining loads. He then walked down the side of the ashes toward the corner of the burner of an incinerator, for the purpose of answering a call of nature. In walking down the side of the mound, his feet suddenly slipped and he slid into a bed of hot ashes that were smoldering around the burner of the incinerator. There was no smoke or other evidence of burning ashes. This suit is brought for damages occasioned by burns upon Jameyson's feet and legs.

█ Whatever may have been the relationship between the defendant Gin Association and the plaintiff Jameyson prior to his decision to walk down the side of the mound, when he turned aside from his inspection and walked toward the burner, he became a licensee. See, Meeks v. Coward, Tex.Civ.App., 84 S.W.2d 845; Coward v. Meeks, 131 Tex. 36, 111 S.W.2d 1105. The Gin Association extended no invitation to plaintiff to approach the entrance to the burner of the incinerator for a purely personal purpose. When plaintiff was injured, he was a licensee only. Texas Pacific Coal & Oil Co. v. Bridges, Tex.Civ. App., 110 S.W.2d 1248; Bleich & Co. v. Emmett, Tex.Civ.App., 295 S.W. 223; Slough v. W. G. Ragley Lumber Co., Tex. Civ.App., 76 S.W. 779; Cary v. Gray, 98 N.J.L. 217, 221, 119 A. 176; 65 C.J.S., Negligence, § 33; 45 C.J., Negligence, § 242.

█ The duty owing a gratuitous licensee is discussed in Gonzalez v. Broussard, Tex.Civ.App., 274 S.W.2d 737. The trial court correctly held that the Gin Association breached no duty toward appellant. Texas Pacific Coal & Oil Co. v. Bridges, supra; Street Realty Co. v. Forrister, Tex. Civ.App., 22 S.W.2d 746; Kruse v. Houston & T. C. R. Co., Tex.Civ.App., 253 S.W. 623.

Judgment affirmed.