Kathleen HANSELKA, Appellant,

v.

LUMMUS CREST, INC., Appellee.

No. 13–89–283–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 6, 1990.

Steve Q. McManus, Victoria, for appellant.

Jeffrey R. Parsons, Roger L. McCleary, Houston, Darrell Barger, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant Hanselka contests a summary judgment for one of six defendants in a personal injury suit. By her First Amended Petition, she alleged as producing causes of her injuries negligence, negligence per se, gross negligence, defects in design, manufacture, or marketing, failure to warn, failures of representation, and breach of express and implied warranty of good and workmanlike performance. She contends her injury resulted when she fell from a ladder at the Airco Carbon Plant, where she worked. We affirm the trial court's judgment.

Lummus Crest, Inc., appellee, had designed the needle coke plant for Airco. In the waste water disposal unit, a sludge filter removed residue from the waste water. The sludge fell into a dumpster. An employee had to level out the sludge, as it tended to accumulate in one end of the dumpster. To enable the employee to accomplish this task, a platform was erected over the dumpster with a ladder welded to it. While climbing the ladder to level the sludge, Hanselka fell, injuring her back.

By its Motion for Summary Judgment, Lummus asserted, among other things, that it owed no duty to appellant because employees of Airco and of Daniel Maintenance and Industrial Services Co. (Daniel), acting under Airco's direction, were solely responsible for the decision to install the ladder and platform and for the design, engineering, supply, construction, and installation of the ladder and platform assembly.

Hanselka's response alleges, in essence, that Lummus had a duty to design a safe sludge disposal system as part of its design of the plant. She posits that Airco and Daniel's provisions for sludge removal did not absolve Lummus. She claims that Lummus' failure to design *any* system for sludge disposal resulted in others designing and installing the unsafe ladder from which she fell.

By Hanselka's sole point of error, she alleges that the trial court erred in granting Lummus' motion. This is not a product defect case in which, because products have been put into the stream of commerce, strict liability applies; but rather, it is a case about design of a factory to which we apply principles of ordinary negligence. *See Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 376 (Tex.1978); *Bennett v. Span Indus., Inc.*, 628 S.W.2d 470, 472–73 (Tex.App.—Texarkana 1981, writ ref'd n.r. e.).

A defendant who moves for summary judgment must show as a matter of law

that no material issue of fact exists in the plaintiff's cause of action. *Griffin v. Rowden,* 654 S.W.2d 435, 436 (Tex.1983). In deciding whether a disputed material fact issue precludes summary judgment, we take evidence favorable to the non-movant as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). When we review the propriety of a summary judgment, we indulge every inference in favor of the non-movant. *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 491 (Tex.1988); *Montgomery,* 669 S.W.2d at 311.

Lummus defends its summary judgment by arguing that its summary judgment evidence conclusively shows that it owed Hanselka no duty, could not reasonably foresee the accident, and was not negligent or otherwise liable. Additionally, it alleges that actions of Airco and Daniel constituted a new and independent cause.

Lummus states that since it was not involved in the design, engineering, supply, or installation of the ladder and platform assembly or in the decision to install it, it owed Hanselka no duty and cannot be liable as a matter of law. Attached to its motion are deposition excerpts of Hanselka, Paul Haugseth, Jack Penley, W.F. Dugat, Bryan Tran, and Charles R. Bryant, and some pages of the agreement between it and Airco. These documents are evidence that Airco employees designed the ladder and platform and built and installed it with Daniel employees' help.

Appellant attached a contract showing Lummus as the plant designer and the affidavit of George Greene, Jr., to its response. Greene states that Lummus should have taken into consideration the functioning of the entire plant, including taking into consideration the safety of the employees of Airco, Inc., when it undertook its various duties and that a reasonably prudent designer should anticipate that an improperly or uncompleted designed facility may create an undue risk of injury to employees who operate it. Greene states that a reasonably prudent designer would inspect a plant on completion to insure that nothing necessary for its safe operation has been overlooked, and would correct any deficiency and not expect the owner to do so.

Greene further states that in this instance, Lummus failed to design a safe and efficient method of disposing of waste sludge. He states that as designed, the only possible method was the placing of a stationary dumpster, which allowed sludge to pile up at one end and required an employee to climb up and rake it to level it. He concludes that since no method was provided for the workers to safely climb up and stand while performing this necessary duty, they were exposed to an unnecessary risk of harm from slipping or falling from the structure.

Greene next gives several possible design alternatives. Then he concludes that appellee was negligent in its design of the plant, that the negligence created a dangerous and hazardous condition for any employee having to deal with the waste sludge, that appellee could foresee the condition, and that it was a proximate cause of Hanselka's injuries.

■ Three elements must be proven to establish liability for negligence: 1) a legal duty the defendant owed the plaintiff, 2) a breach of that duty, and 3) damages proximately resulting from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987); *Rodriguez v. Ed Hicks Imports,* 767 S.W.2d 187, 192 (Tex.App.—Corpus Christi 1989, no writ). Duty is the threshold question, and a plaintiff must prove the existence and violation of a duty the defendant owed to establish liability. *Peek v. Oshman's Sporting Goods, Inc.,* 768 S.W.2d 841, 845 (Tex.App.—San Antonio 1989, writ denied); *Rodriguez,* 767 S.W.2d at 192. When no duty exists, no legal liability can arise on account of negligence. *City of Bryan v. Jenkins,* 247 S.W.2d 925, 928 (Tex.Civ.App.—Waco 1952, writ ref'd n.r.e.).

■ Whether a duty exists under the facts and circumstances of a particular case is a question of law. *Mitchell v. Missouri–Kansas–Texas R.R.,* 786 S.W.2d 659, 662 (Tex.1990). The duty of care arises from the probability of injury to one who

may reasonably be forseen as likely to be subject to injury. *Bennett,* 628 S.W.2d at 474. Foreseeability is the primary ingredient in establishing the scope of the duty owed. *Mitchell,* 786 S.W.2d at 662; *Atchison, T. & S.F. Ry. v. Standard,* 696 S.W.2d 476, 479 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). Foreseeability is an element of duty which is frequently determined as a matter of law; however, in certain circumstances it involves the resolution of disputed facts and inferences and is a question for the jury. *Mitchell,* 786 S.W.2d at 662. Here, we find the absence of duty as a matter of law.

■ The summary judgment proof established that there was no special legal relationship between Hanselka and Lummus; any corresponding duty must arise from knowledge of the danger and the probability of injury. *See Bennett,* 628 S.W.2d 473–74. Although Lummus may have had a duty generally to design the plant in a manner which was safe for the employees, it was not required to anticipate the negligent acts of others. *See Humble Oil & Ref. Co. v. Whitten,* 427 S.W.2d 313, 315 (Tex.1968); *Tarrant County Water Control & Improvement Dist. No. 1 v. Crossland,* 781 S.W.2d 427, 434 (Tex.App. —Fort Worth 1989, writ denied). It is undisputed that Lummus was not involved in the design, engineering, supply, or installation of the ladder and platform assembly. Moreover, Lummus did not participate in the decision to install the ladder and platform assembly. Lummus had no knowledge of the existence of danger or the likelihood of injury predicated upon Airco's decision to design and construct the ladder and platform assembly. Thus, as a matter of law, Lummus owed Hanselka no duty in connection with the ladder and platform. We overrule her point, and AFFIRM the trial court's judgment.