Gene **WOCHNER, Individually and as Next Friend of Bryan Wochner, Appellant,**

v.

**Troy and Gerlene JOHNSON and Sam D. Satterwhite, Individually and d/b/a Satterwhite Log Homes, Appellees.**

No. 10–93–267–CV.

Court of Appeals of Texas, Waco.

April 27, 1994.

Rehearing Denied June 1, 1994.

---

Brenda J. Damuth, Robert W. Hartson, Inc., Dallas, for appellant.

Darrell G. Adkerson, Godwin & Carlton, P.C., Dallas, Joe B. Young, Patton, Nix & Young, Longview, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Gene Wochner appeals the granting of a take-nothing summary judgment in favor of Troy and Gerlene Johnson and Sam D. Satterwhite, doing business as Satterwhite Log Homes. We will reverse the judgment.

On February 12, 1990, Imogene Wochner and her three-year-old son, Bryan, were visiting her twin sister, Gerlene, in the Johnsons' log home. The home was built by the Johnsons from plans and lumber purchased from Satterwhite Log Homes. After helping Gerlene move a couch from the second floor to the first floor of the log house, Imogene turned to get Bryan, who was on the second floor. Gerlene was walking toward the kitchen when she heard a noise. She turned around to find Imogene lying still between the foot of the stairs and the front door and Bryan sitting on the top step of the stairs. Imogene, who never regained consciousness, died on February 21, 1990.

Wochner filed suit on behalf of himself and his minor son to recover damages for the wrongful death of his wife, Imogene Wochner. Wochner alleged that Imogene was injured as a result of a fall proximately caused by a dangerous condition on the premises—the defectively designed and constructed stairs—of which the Johnsons had actual knowledge. Wochner also alleged that the Johnsons' negligent construction of the stairs was a proximate cause of Imogene's injuries. Wochner further alleged that Satterwhite was negligent in the following respects: (1) his design of the stairs; (2) his failure to provide purchasers of the plans with specifications for the safe construction of stairs; (3) his failure to warn purchasers that the stairs

could be dangerous if not constructed properly; (4) his failure to instruct purchasers on the proper construction of the stairs; and (5) his failure to warn or instruct purchasers that they should seek assistance or consult model building codes to determine the proper method of constructing stairs. All of these acts or omissions were alleged to be proximate causes of Wochner's injuries. Finally, Wochner alleged that Satterwhite was strictly liable because the plans Satterwhite sold to the Johnsons were defective and unsafe at the time they were sold. According to Wochner's amended petition, because the plans were marketed and sold to individuals with no experience in the construction of stairs, the failure to warn that the stairs could be dangerous if not constructed properly and the failure to instruct the builder on the proper construction of the stairs or on how to determine the manner in which to properly construct the stairs were producing causes of Imogene's injuries.

 The trial court granted a take-nothing summary judgment in favor of the Johnsons and Satterwhite. A defendant who moves for summary judgment on the plaintiff's cause of action rather than an affirmative defense has the burden of showing as a matter of law that no material issue of fact exists for one or more elements of the plaintiff's cause of action.[1] The question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action.[2] In deciding whether there is a disputed material fact

issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, every reasonable inference must be indulged in favor of the non-movant, and any doubts must be resolved in the non-movant's favor.[3] Issues not expressly presented to the trial court, however, may not be considered by the appellate court as grounds for reversal of a summary judgment.[4] Finally, when a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from the judgment must show that each of the independent arguments alleged in the motion for summary judgment was insufficient to support the order.[5]

## The Johnsons' Motion for Summary Judgment

 The Johnsons filed a motion for summary judgment asserting that as a matter of law they did not breach a duty owed to Imogene and that no material issue of fact existed to prove that her injuries were proximately caused by a breach of that duty or a defect in the stairs. The trial court granted the motion but did not state the specific grounds upon which it was granted.

### Duty Owed to a Licensee

 The duty owed by the Johnsons to Imogene, as a licensee, was not to injure her by willful or wanton conduct or by gross negligence.[6] However, if the owner or occupier has actual knowledge of a dangerous condition and the licensee does not, the owner or occupier owes a duty to correct the defect and make the condition reasonably safe or to warn the licensee of the condition.[7] Under another exception to the general rule, when a new peril is presented from changed conditions, the owner or occupier has an

1. *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 166–67 (Tex.1987).

2. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

3. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

4. Tex.R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex. 1979).

5. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

6. *See State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974).

7. *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561, 563 (Tex.1976); *see also Flint v. Mickelsen*, 781 S.W.2d 409, 410–11 (Tex.App.— Houston [1st Dist.] 1989, no writ).

active duty to exercise reasonable care to safeguard a licensee from the new or sudden peril.[8] Stated another way, even a licensee has the right to require that the owners or occupiers conduct themselves so as not to injure their guest through their active negligence.[9]

In point one Wochner contends that the court erred in granting summary judgment in favor of the Johnsons because there was evidence they breached their duty to Imogene, as a licensee. The Johnsons argued in their motion for summary judgment that they were not grossly negligent because no act or omission was the result of their actual conscious indifference to Imogene's safety or welfare and that they did not have actual knowledge of a dangerous condition existing in their home. At oral argument Wochner's counsel conceded, in light of the Texas Supreme Court's opinion in *Moriel*,[10] that it would be impossible to prove gross negligence under the facts of this case. With regard to the Johnsons' actual knowledge of a dangerous condition, however, their summary judgment evidence fails to establish that there is no genuine issue of material fact. The Johnsons' motion refers only to the affidavit of Gerlene Johnson as summary judgment evidence. By affidavit, Gerlene stated:

My twin sister, Imogene Wochner, and her son, Bryan Wochner, were present at my home near Frost, Navarro County, Texas on February 12, 1990. At that time, Bryan Wochner was three (3) years old.

Imogene and I had just finished moving a couch from upstairs to the living area which is located downstairs by sliding the couch down the handrail of the stairs. I was walking toward the kitchen when I heard a single noise near the front door. I turned around and saw Imogene lying still between the foot of the stairs and the front door. I did not see how Imogene came to be in this position. She was lying on her back with her head next to the front door. Her feet were on the bottom step of the stairs. She appeared to be unconscious. I immediately called for an ambulance on the telephone.

■ Gerlene's affidavit does not address the Johnsons' actual conscious indifference to Imogene's safety or their actual knowledge of a dangerous condition existing in their home. Although, like Wochner, the Johnsons focus on whether "there was evidence they breached their duty" to Imogene, the defendant in state court is not entitled to a summary judgment merely because there is "no evidence" to support the plaintiff's allegations.[11] The burden of proof never shifts to the nonmovant unless and until the movants have established their entitlement to a summary judgment as a matter of law.[12] Because the Johnsons' summary judgment proof fails to establish as a matter of law that there is no genuine issue of fact on the issues of the Johnsons' actual conscious indifference to Imogene's safety or their actual knowledge of a dangerous condition existing in their home, we sustain point of error one.[13]

■ In point two Wochner contends that the court erred in granting summary judgment in favor of the Johnsons because they owed a duty to exercise reasonable care as the builders of the stairs. The Johnsons argued in their motion for summary judgment that they did not breach any duty owed

8. *Texas–Lousiana Power Co. v. Webster*, 59 S.W.2d 902, 907 (Tex.Civ.App.—Dallas 1933), aff'd, 127 Tex. 126, 91 S.W.2d 302 (1936).

9. *Martinez v. Martinez*, 553 S.W.2d 211, 215 (Tex.Civ.App.—Tyler 1977, no writ) (holding that the shooting of fireworks, which resulted in injury to a licensee on the premises, comes within the meaning of "active negligence"); *Arambula v. Dellinger, Inc.*, 415 S.W.2d 456, 458 (Tex. App.—San Antonio 1967, writ ref'd n.r.e.) (holding that, when evidence raises issues of fact regarding active negligence on the premises, negligence question should have been submitted to the jury).

10. *See Transportation Insurance Co. v. Moriel*, 37 Tex.Sup.Ct.J. 450 (Tex. February 2, 1994).

11. *See Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 436 (Tex.App.—San Antonio 1993, no writ) (on rehearing).

12. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989).

13. *See id.* at 559.

to Imogene, as a licensee. Wochner's theory is that the Johnsons exposed Imogene to the unreasonable risk of a fall by negligently constructing the stairs. However, recovery on a negligent-activity theory requires the person to have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity.[14] As our Supreme Court noted in *Keetch*, at some point, almost every artificial condition can be said to have been created by an activity.[15] Nevertheless, the Supreme Court declined to eliminate all distinctions between premises conditions and negligent activities.[16] Imogene may have been injured by a condition created by the negligent construction of the stairs, but she was not injured by the activity of construction.[17] Because Wochner could not recover under a negligent activity theory, the trial court properly granted summary judgment on that ground. We overrule point of error two.

### Proximate Cause

█ In point four Wochner contends that the court erred in granting summary judgment in favor of the Johnsons because "there was evidence that the subject stairs were a proximate cause of the fall and subsequent death" of Imogene. Although the summary judgment cannot be affirmed on the grounds raised in point one, we must also determine whether the Johnsons have established as a matter of law that there is no genuine issue of fact on proximate cause.

The Johnsons argued in their motion for summary judgment that no evidence exists that Imogene fell down the stairs or that a defect in the stairs caused the fall. According to the Johnsons' motion, "even if we assume that a defect may have existed in the stairs, [Wochner] cannot prove that the defect caused [Imogene] to fall because no witness saw the accident occur. Furthermore, [Wochner] has no other evidence sufficient to raise a genuine issue of material fact that the alleged defect caused the fall." As in point

one, however, the Johnsons' summary judgment evidence fails to establish that there is no genuine issue of material fact. Gerlene's affidavit, the only evidence referenced in and attached to the Johnson's motion for summary judgment, concluded as follows:

> Next, I heard Bryan crying upstairs. He was sitting on the top step of the stairs with his feet on the next step. I went upstairs to carry him down. Shortly thereafter, an ambulance arrived and took Imogene to the emergency room.
>
> At the time of Imogene's accident, no one was in the house other than Imogene, Bryan and me. As stated above, I did not see Imogene's accident. I do not know if Bryan saw the accident occur but he was too young (three years old) to remember or verbalize what he saw. Imogene never regained consciousness after the accident and passed away on February 21, 1990. Therefore, there are no living, competent witnesses to Imogene Wochner's accident.

Gerlene's affidavit establishes only that she did not see the accident. The fact that Gerlene did not see the accident does not establish as a matter of law that a defect in the stairs did not cause a fall resulting in Imogene's injuries. Again, the Johnsons are not entitled to a summary judgment merely because there is "no evidence" to support Wochner's allegations.[18] Because the Johnsons' summary judgment proof fails to establish as a matter of law that there is no genuine issue of fact on the issue of proximate cause, we sustain point of error four with regard to Wochner's premises liability cause of action against the Johnsons.[19] As a result, we must reverse the summary judgment in favor of the Johnsons and remand Wochner's premises liability cause of action to the trial court for further proceedings consistent with this opinion.

### Satterwhite's Motions for Summary Judgment

Satterwhite filed a motion for summary judgment on Wochner's negligence cause of

**14.** *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992).

**15.** *Id.*

**16.** *Id.*

**17.** *See id.*

**18.** *See Garcia,* 859 S.W.2d at 436.

**19.** *See Casso,* 776 S.W.2d at 559.

action, asserting that as a matter of law he had no duty to Imogene and that there was no issue of material fact on proximate cause. The trial court granted the motion, but the partial summary judgment did not dispose of Wochner's strict liability cause of action against Satterwhite.[20] After we dismissed Wochner's attempted appeal of the partial summary judgment, Satterwhite responded with a second motion for summary judgment on Wochner's strict-liability cause of action, asserting that there was no issue of material fact on producing cause.

*Negligence*

In point three Wochner contends that the court erred in granting summary judgment in favor of Satterwhite because he owed a duty to Imogene as a result of the sale of the materials and plans for the house and stairs. According to Wochner's brief, the materials sold by Satterwhite to the Johnsons included the lumber for the staircase, but the plans did not contain any specifications, instructions, or warnings regarding the construction of the staircase.

To establish tort liability, a plaintiff must initially prove the existence of a legal duty owed by the defendant.[21] The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question.[22] Satterwhite argued in his motion for summary judgment that he did not owe a duty to Imogene because the plans sold to the Johnsons did not contain any specifications for the construction of the staircase. Furthermore, he argued that he had no duty to control the conduct of the Johnsons in the construction of the home. Wochner asserts, however, that Satterwhite owed a duty to (1) provide specifications for the stairs to the Johnsons, (2) warn the Johnsons to consult appropriate building codes regarding safe construction of stairs, or (3) provide the Johnsons with instructions containing guidelines for the safe construction of stairs.

By affidavit referenced in and attached to his motion for summary judgment, Satterwhite stated:

By contract dated January 15, 1985, Troy and Gerlene Johnson, Co–Defendants in this suit, purchased from Satterwhite Log Homes certain materials for use in the construction of a log home. A true and correct copy of the contract (Proposal # 0924) is attached hereto as Exhibit "A." . . . .

As reflected in Exhibit "A", the agreement between Satterwhite Log Homes and the Johnsons was for materials only and did not include any labor in the construction of the home. This document accurately reflects the agreement between Satterwhite Log Homes and the Johnsons. The agreement was for the purchase of the logs and interior framing material for completion of the home. It did not include any finishing materials. As reflected on page 2 of Exhibit "A", the materials sold for the staircase did not include any covering for the treads nor materials for guardrail or handrail construction. The only materials sold for the construction of the entire home were for construction of framing.

A plan for the home was provided along with the other materials by Satterwhite Log Homes to the Johnsons. A true and correct copy of the plan is attached hereto as Exhibit "B." These plans do not contain specific measurements or specifications for the construction of the staircase. The deletion of this detail is intentional. However, both the plans and the materials provided allow sufficient space and material to construct a staircase which meets applicable design and construction standards. Since no agent, servant, employee or representative of Satterwhite Log Homes participated in the construction of the Johnson home, neither I nor the company had any control over whether the plans were followed, the material provided was properly utilized or whether applicable

**20.** *See Wochner v. Johnson,* No. 10–93–051–CV, (Tex.App.—Waco, September 1, 1993, no writ) (not designated for publication) (dismissing the appeal for want of jurisdiction because the partial summary judgment did not dispose of Wochner's strict liability cause of action).

**21.** *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983).

**22.** *Greater Houston Transportation Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990).

standards were met. Further, any deviation from the plans as provided could have had an impact on the construction and specification of the stairs and the amount of space available to meet applicable standards.

Neither I nor any agent, servant, employee or representative of Satterwhite Log Homes ever gave any instruction, advice, directions or other guidance to decedent. The Johnsons were never provided with any construction information other than that contained in Exhibit "B."

The duty of ordinary care at common law may arise not only as a matter of legal relation, but it may also arise from a knowledge of the danger, which in turn depends upon the probability of injury.[23] It is undisputed that Satterwhite did not contract to build the Johnsons' house. Satterwhite's summary judgment evidence indicates that his contract with the Johnsons was for materials only and that Satterwhite Log Homes was not involved in the construction of the home. Specifically, Satterwhite stated in his affidavit that the plans provided with the materials did not contain specific measurements or specifications for the construction of the staircase. Furthermore, Gerlene testified by deposition, filed as supplemental summary judgment evidence in support of Satterwhite's motion, that neither she nor her husband ever had any conversations with Satterwhite regarding the construction of the stairway. Wochner's summary judgment evidence confirms that Satterwhite was not involved in the design or construction of the staircase. Troy Johnson testified by deposition that he calculated the specifications for the stairway, based upon the space available, without consulting anyone. Because Satterwhite was not involved in the design or construction of the staircase, he had no knowledge of danger or the probability of injury predicated upon the Johnsons' design and construction of the staircase. Therefore,

Satterwhite's summary judgment proof establishes as a matter of law that there is no genuine issue of fact regarding a duty arising out of Satterwhite's knowledge of the danger and the probability of injury.[24]

■ Additionally, in the absence of a relationship between the parties giving rise to the right of control, one person is under no legal duty to control the conduct of another person, even if there exists the practical ability to do so.[25] According to Satterwhite's affidavit, he had no control over the Johnsons' conduct in constructing the home. Wochner's summary judgment evidence does not controvert Satterwhite's on the issue of control. As a result, Satterwhite's summary judgment proof establishes as a matter of law that there is no genuine issue of fact on the issue of control.[26]

We conclude that the trial court properly granted summary judgment on Wochner's negligence cause of action against Satterwhite because the summary judgment evidence conclusively established that he owed no duty of reasonable care to Imogene. Accordingly, we overrule point of error three.

In point four Wochner contends that the court erred in granting summary judgment in favor of Satterwhite because "there was evidence that the subject stairs were a proximate cause of the fall and subsequent death" of Imogene. Because we have determined that summary judgment was properly granted on the duty element, we need not address the proximate cause issue with regard to Wochner's negligence cause of action against Satterwhite.

*Strict Liability*

■ In point five Wochner contends that the court erred in granting summary judgment in favor of Satterwhite because "there was evidence that the failure to warn and/or instruct with regard to the construction of the stairs was a producing cause of the fall

**23.** *Bennett v. Span Industries, Inc.,* 628 S.W.2d 470, 473 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.).

**24.** *See Hanselka v. Lummus Crest, Inc.,* 800 S.W.2d 665, 667–68 (Tex.App.—Corpus Christi 1990, no writ).

**25.** *Id.; Otis Engineering Corp.,* 668 S.W.2d at 309.

**26.** *See Ball v. SGB Construction Services, Inc.,* 820 S.W.2d 916, 917–18 (Tex.App.—Houston [1st Dist.] 1991, no writ).

and subsequent death" of Imogene. To recover for an injury on the theory of strict liability in tort, the plaintiff bears the burden of proving that the defendant: (1) placed in the stream of commerce a product; (2) that such product was in a defective or unreasonably dangerous condition; and (3) that there was a causal connection between such condition and the plaintiff's injuries or damages.[27]

We first note that Satterwhite has not moved for summary judgment on the grounds that he did not place a product in a defective or unreasonably dangerous condition in the stream of commerce.[28] Instead, the only basis raised by Satterwhite's motion for summary judgment on the strict-liability cause of action was that there was no issue of material fact on producing cause, because there was no evidence, direct or circumstantial, that any defective or unreasonably dangerous condition was a producing cause of Imogene's injuries. As with the Johnsons, however, Satterwhite is not entitled to a summary judgment merely because there is "no evidence" to support Wochner's allegations.[29] Because Satterwhite's summary judgment proof fails to establish as a matter of law that there is no genuine issue of fact on the issue of producing cause, we sustain point of error five with regard to the Satterwhite's second motion for summary judgment.[30] As a result, we must reverse the summary judgment in favor of the Satterwhite and remand Wochner's strict liability cause of action to the trial court for further proceedings consistent with this opinion.

### Disposition

We affirm the summary judgment in favor of the Johnsons on Wochner's negligent activity theory, but we reverse the summary judgment in favor of the Johnsons on Wochner's premises liability cause of action. We affirm the summary judgment in favor of Satterwhite on Wochner's negligence cause of action, but we reverse the summary judgment in favor of Satterwhite on Wochner's

strict liability cause of action. Accordingly, the cause is remanded to the trial court for further proceedings consistent with this opinion.

---

27. *Houston Lighting & Power Co. v. Reynolds,* 765 S.W.2d 784, 785 (Tex.1988); *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787, 789 (Tex. 1967).

28. *See Bennett,* 628 S.W.2d at 472–73.

29. *See Garcia,* 859 S.W.2d at 436.

30. *See Casso,* 776 S.W.2d at 559.