**Laila (Lily) SIBAI and Magdi I. Sibai, Appellants,**

v.

**WAL–MART STORES, INC. d/b/a Sam's Wholesale Club, Appellee.**

No. 05–96–01608–CV.

Court of Appeals of Texas, Dallas.

Jan. 8, 1999.

Rehearing Overruled April 7, 1999.

---

P. Michael Jung, Alan Brandt Daughtry, Strasburger & Price, L.L.P., Dallas, for Appellant.

Bobby G. Pryor, Pryor & Bruce, Dallas, J. Preston Wrotenbery Kevin Dean Jewell, Houston, for Appellee.

Before Justices OVARD, MORRIS, and BRIDGES.

## OPINION

JOHN OVARD, Justice.

Appellants Laila and Magdi Sibai brought suit against Wal–Mart Stores, Inc. for injuries Laila Sibai allegedly sustained while shopping at Sam's Wholesale Club. Following the close of the plaintiffs' evidence on the

issue of liability, the trial court granted Wal–Mart's motion for directed verdict. In two points of error, appellants complain the trial court erred in entering the directed verdict because: (1) there was evidence that an employee of Wal–Mart in the course and scope of his employment was actively negligent in striking Laila Sibai; and (2) Wal–Mart did not move for a directed verdict on appellants' negligent activity claim. We agree the trial court erred in granting a directed verdict. Accordingly, we reverse and remand this case for a new trial.

## BACKGROUND

Appellants contend that Laila Sibai was injured while standing in a check-out line at a Sam's Wholesale Club store. According to appellants, Ms. Sibai was struck in the head by the cashier at an adjacent register. The accident occurred while the cashier was removing a case of soft drinks from the bottom of a shopping cart. As he lifted the case and swung around to put the drinks in the cart behind him, he struck Ms. Sibai in the head with his elbow, causing her injuries.

The case was tried before a jury. During the course of trial, the parties agreed to bifurcate the issues of liability and damages in order to allow the trial court to rule on Wal–Mart's motion for directed verdict as to liability. After appellants rested on the issue of liability, the court heard argument on the motion for directed verdict. Wal–Mart contended appellants failed to establish they were entitled to recover under a premises liability theory. Wal–Mart specifically contended Ms. Sibai was a mere licensee[1] and argued appellants offered no evidence to demonstrate that a condition existed which created an unreasonable risk of harm, that Wal–Mart had actual knowledge of such a condition, or that Ms. Sibai did not have knowledge of the condition. In response, counsel for appellants argued that the evidence demonstrated the check-out procedures at Sam's created a dangerous condition. Counsel did not argue that Ms. Sibai was injured due to the negligent activity of a

Wal–Mart employee. The trial court granted the motion for directed verdict. Thereafter, new counsel for appellants filed a motion for new trial asserting that the pleadings and evidence raised a negligent activity claim which should not have been disposed of by directed verdict. The trial court denied the motion for new trial, and this appeal followed.

## STANDARD OF REVIEW

When reviewing the grant of a directed verdict, we determine whether any probative evidence exists "to raise a fact issue on the material questions presented." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978). We consider all the evidence in the light most favorable to the party against whom the trial court directed a verdict and disregard all contrary evidence and inferences. *Id.; Edlund v. Bounds*, 842 S.W.2d 719, 723 (Tex.App.—Dallas 1992, writ denied).

The trial court properly directs a verdict if: (1) a specifically indicated defect in the opponent's pleading makes it insufficient to support a judgment; (2) the evidence conclusively proves facts that establish the movant's right, or negate the nonmovant's right, to judgment; or (3) the evidence raises no fact issue on any material fact that the nonmovant must establish to prevail. *See Edlund*, 842 S.W.2d at 723–24. When no probative evidence exists on an ultimate fact issue, we affirm the directed verdict. *See Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex.1986).

## THE NEGLIGENT ACTIVITY CLAIM

Wal–Mart asserts that appellants were limited to a cause of action under a premises defect theory. Appellants contend they were not so limited and could recover under a negligent activity or "active negligence" claim. We agree with appellants.

An owner or occupier of land has a duty to use reasonable care to keep premises under his control in a safe condition. *Re-*

---

1. While one entering upon premises to purchase goods is properly considered an invitee and is thereby owed a duty of reasonable care, *Rosas v.* *Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975), appellants pleaded only that Ms. Sibai was a licensee.

*dinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.1985). The owner or occupier may be liable for negligence in two situations: (1) those arising from a premises defect and (2) those arising from an activity or instrumentality. *Id.*

When the alleged injury is the result of the premises's condition, the injured party can only recover under a premises defect theory. *See H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 259 (Tex.1992). In such an instance, a mere licensee may recover only if the licensee was injured by the wilful, wanton, or grossly negligent conduct of the proprietor. *State Dep't of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992). A proprietor, however, owes a duty of ordinary care not to injure a licensee by the proprietor's own negligence. *See, e.g., Wochner v. Johnson,* 875 S.W.2d 470, 473 (Tex.App.—Waco 1994, no writ); *see also Redinger,* 689 S.W.2d at 418 (occupier of premises owed duty of reasonable care to subcontractor's employee who was injured by negligent operation of tractor). When the alleged injury is the result of a negligent activity, the injured party must have been injured by, or as a contemporaneous result of, the activity itself—not by a condition the activity created. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992).

The distinction between negligent activity and premises defect claims is neither novel nor recent. This distinction has been well established in Texas since the turn of the century. *See, e.g., International & G.N. Ry. Co. v. Kent,* 58 Tex.Civ.App. 272, 124 S.W. 179, 181 (Tex.Civ.App.1909, writ ref'd) (holding railroad had duty to exercise ordinary care so as not to injure licensee on platform by striking him with baggage cart); *St. Louis Southwestern Ry. Co. v. Balthrop,* 167 S.W. 246, 248–49 (Tex.Civ.App.—Dallas 1914, writ dism'd) (holding railroad liable for injury resulting from active negligence where object was thrown from train injuring licensee); *Texas Pac. Coal & Oil Co. v. Bridges,* 110 S.W.2d 1248, 1252 (Tex.Civ.App.—Eastland 1937, writ dism'd) (noting right of licensee to complain of active negligence is unquestioned). More recent cases are in accord. *See State v. San Miguel,* 1998 WL 429436, *4

(Tex.App.—Houston [14th Dist.] July 30, 1998, no pet. h.) (noting "that if an injury is caused by negligent activity on a premises, and the plaintiff sues under a negligent activity theory of liability, the plaintiff is entitled to a general negligence charge"); *Wochner,* 875 S.W.2d at 473 (stating "even licensee has the right to require that owners or occupiers conduct themselves so as not to injure their guest through their active negligence"); *McKethan v. McKethan,* 477 S.W.2d 357, 360 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.) (noting two exceptions to general rule that proprietor owes licensee duty only not to injure licensee through wilful, wanton, or grossly negligent conduct: (1) licensor has knowledge of dangerous condition, and (2) active negligence). The Texas Supreme Court has repeatedly recognized the distinction between a premises liability claim and a negligent activity claim. *See Dallas Mkt. Ctr. Dev. Co. v. Liedeker,* 958 S.W.2d 382, 385 (Tex.1997) (holding claim was for premises defect rather than negligent activity); *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex.1997) (holding claim was for premises defect rather than negligent activity); *Keetch,* 845 S.W.2d at 264 (declining "to eliminate all distinction between premises conditions and negligent activities"); *Redinger,* 689 S.W.2d at 417 (holding claim was for negligent activity rather than premises defect).

Therefore, we cannot agree with Wal–Mart that an active negligence exception to premises liability has not been "squarely adopted." It is beyond question that a proprietor is not relieved of its active negligence merely because the injury occurs on its premises. The status of the defendant as a mere licensee is irrelevant to a negligent activity claim. Premises liability theories are applicable to latent conditions that pose danger to those entering upon the premises of another. Such theories have no applicability when the proprietor is alleged to have injured the defendant through active negligence. Therefore, if appellants raised a negligent activity claim, they were not restricted at trial to proving Ms. Sibai was injured by the willful, wanton, or grossly negligent conduct of Wal–Mart.

Wal–Mart asserts in the alternative that even if its liability is not limited to that of a licensor, the directed verdict was nevertheless proper because appellants' pleadings failed to raise a negligent activity claim, appellants failed to present evidence that Ms. Sibai was negligently injured by a Wal–Mart employee, and appellants waived or abandoned any active negligence claim by failing to raise it during argument on Wal–Mart's motion for directed verdict. We will consider each of these arguments in turn.

In applicable part, appellants' original petition states:

Plaintiff's injuries and resulted [sic] damages were a direct and proximate result of the negligence of Defendant and/or Defendant's employee in one or more of the following respects:

1) In striking the Plaintiff while she was paying for her merchandise.

2) In failing [to] adequately warn Plaintiff that she would be struck unless she moved out of the way while she was paying for her merchandise.

While the petition does not specifically state that appellants intended to advance both a negligent activity claim and a premises liability claim, we conclude that the petition can fairly be construed as raising both claims. We note that Wal–Mart did not specially except to the petition. It is well established that we construe pleadings liberally in favor of the pleader if no special exceptions have been filed. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977). We conclude the petition adequately alleges that the employee engaged in a negligent activity, striking Ms. Sibai as he was moving merchandise from one shopping cart to another. The injury occurred simultaneously with the negligent activity, not as the result of a latent condition the activity created. *Cf. Silver v. Navarette,* 350 S.W.2d 878, 881–82 (Tex. Civ.App.—El Paso 1961, writ ref'd n.r.e.) (holding that employee's swinging of crane into plaintiff constituted active negligence regardless of whether injured party was invitee or licensee).

 We further conclude that appellants' evidence was sufficient to raise a fact question with respect to whether Ms. Sibai was injured by a Wal–Mart employee. Ms. Sibai described the customary check-out process at the Sam's Club where she had shopped many times. The jury is entitled to presume the customary procedure was followed in this instance absent contrary evidence. *See Pena v. Neal, Inc.,* 901 S.W.2d 663, 671 (Tex.App.—San Antonio 1995, writ denied). Further evidence indicated that the individual identified as striking Ms. Sibai, J.D. Womack, was performing duties customary of a Sam's cashier. Additionally, Ms. Sibai's daughter, Rana, testified that at the time of the incident Womack was working at "*his* register." (Emphasis added). It is settled law in a negligence action that where the defendant's liability depends upon proof of a master and servant relationship, proof that the servant was performing services peculiar to the defendant's business or affairs on or about the defendant's property is prima facie evidence of the relationship. *See McAfee v. Travis Gas Corp.,* 137 Tex. 314, 318–19, 153 S.W.2d 442, 446 (1941). Finally, medical records introduced into evidence contained statements that Ms. Sibai was injured by an employee while checking out at Sam's. Although these statements are hearsay, Wal–Mart did not object to the documents on hearsay grounds. Unobjected-to hearsay is probative evidence. Tex.R. Evid. 802. Therefore, the jury could have properly considered these documents on this issue as well. We conclude the evidence as a whole was sufficient to allow the jury to decide whether Womack was a Wal–Mart employee at the time of the incident.

 The jury also had sufficient evidence before it to decide whether Womack was negligent. "Negligence" means doing that which a person of ordinary prudence would not have done or not doing that which a person of ordinary prudence would have done under the same or similar circumstances. *Great Atlantic & Pacific Tea Co. v. Evans,* 142 Tex. 1, 4, 175 S.W.2d 249, 250–51 (1943). The common experience of mankind is the standard; it implies generally the want of care and diligence that ordinary, prudent persons would use to prevent injury under the circumstances of the particular case. *Id.* at 251. Common experience dictates that

customers are not ordinarily struck in the head as they pass through a cashier's line. Additionally, Rana Sibai testified that she believed Womack did not realize what he had done. From the evidence, the jury therefore could have decided that Womack struck Ms. Sibai because he failed to exercise ordinary care in transferring merchandise from one shopping cart to another.

Finally, Wal–Mart contends appellants waived their active negligence claim by not raising it in response to Wal–Mart's motion for directed verdict. We are aware of no authority, and Wal–Mart cites us to none, which holds that a cause of action is deemed abandoned or waived if not brought to the attention of the trial court in response to a motion for directed verdict specifically directed at a different cause of action. A directed verdict is proper only when reasonable minds cannot differ and the movant is entitled to judgment as a matter of law. *Collora*, 574 S.W.2d at 68. It follows, therefore, that a party has no obligation to respond at all to a motion for directed verdict. *See Field v. AIM Mgmt. Group, Inc.*, 845 S.W.2d 469, 473 (Tex.App.—Houston [14th Dist.] 1993, no writ). While counsel may be well advised to bring to the trial court's attention meritorious arguments in opposition to a motion for directed verdict, we cannot conclude that the failure to do so in this instance amounts to an abandonment or waiver of appellants' negligent activity claim.

In conclusion, the pleadings and evidence were sufficient to raise material fact questions on liability under a negligent activity theory. Therefore, the trial court erred in granting a directed verdict. Accordingly, we sustain appellants' points of error, reverse the judgment of the trial court, and remand this case for a new trial.