OPINION

No. 04-06-00300-CV

CITY OF SAN ANTONIO,

Appellant

v.

Grace ESTRADA,

Appellee

From the 73rd Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CI-05462

Honorable Richard E. Price , Judge Presiding




Opinion by: Catherine Stone , Justice



Sitting: Catherine Stone , Justice

 Phylis J. Speedlin , Justice

 Rebecca Simmons , Justice



Delivered and Filed: November 1, 2006



AFFIRMED

 Appellant, the City of San Antonio (the "City"), appeals the trial court's denial of its plea to the jurisdiction, arguing that
appellee, Grace Estrada, failed to plead sufficient facts establishing a waiver of the City's immunity under the Texas Tort
Claims Act ("TTCA"). In this case, we are asked to determine whether Estrada's "negligent activity" claim, which derives
from a San Antonio firefighter's descent down a fire pole with Estrada on his back/shoulders, is actionable under the TTCA.
Because the relevant pleadings and jurisdictional evidence suggest Estrada was injured as a contemporaneous result of the
firefighter's descent down the fire pole, rather than by a condition of the premises, we hold Estrada has alleged an actionable
"negligent activity" claim under the TTCA. Accordingly, we affirm. (1)

Background

 Estrada was invited to visit San Antonio Fire Station No. 10 by an off-duty San Antonio firefighter in the early morning
hours of October 29, 2004. Estrada, along with several other women, allegedly consumed alcohol and socialized with both
on-duty and off-duty firefighters at the fire station. The firefighters allowed Estrada to: try on their firefighting gear; sit on
the fire truck; and slide down the station's fire pole, which allowed Estrada to go from the station's second floor to its first
floor. (2)

 After Estrada had successfully descended the fire pole several times, she attempted to descend the fire pole one last time. 
On this descent, unlike her previous ones, Estrada attempted to descend the fire pole in tandem with one of the on-duty
firefighters from Fire Station No. 10, Miguel De Los Santos. Estrada alleges De Los Santos allowed her to climb onto his
back/shoulders after he had positioned himself on the fire pole. Once Estrada did, however, De Los Santos immediately
began to slide down the fire pole, causing Estrada to lose her grip on De Los Santos and the pole. Estrada fell approximately
10 to 12 feet to the ground below. 

 Estrada subsequently filed suit against the City under the TTCA, seeking damages for her injuries. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(2) (Vernon 2005). Specifically, Estrada raised a "negligent activity" claim, alleging her injuries
derive from an ongoing activity at the fire station -- De Los Santos's descent down the fire pole with Estrada on his
back/shoulders. (3) The City responded by filing a plea to the jurisdiction, arguing that it was immune from suit because
Estrada's petition failed to state a claim within the limited waiver of the TTCA. The trial court, however, denied the City's
plea. This appeal followed. 

Standard of Review

 A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of
the action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The party suing the governmental entity bears
the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. Tex. Dep't of Criminal Justice v.
Miller, 51 S.W.3d 583, 587 (Tex. 2001). Whether a trial court has subject matter jurisdiction is a question of law subject to
de novo review. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Mahew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a trial court's ruling on a plea to the jurisdiction, we construe
the pleadings in favor of the pleader and look to the pleader's intent. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993). We are not required to look solely to the pleadings when deciding a plea to the jurisdiction; we may
consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. Blue, 34 S.W.3d at 555.





Texas Tort Claims Act

 Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the State expressly consents to the
suit. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (1999). Governmental immunity operates like sovereign immunity
to afford similar protection to subdivisions of the State, including counties, cities, and school districts. Harris County v.
Sykes, 136 S.W.3d 635, 638 (Tex. 2004). The TTCA provides a limited waiver of immunity, allowing suits to be brought
against governmental units in certain, narrowly defined circumstances. Miller, 51 S.W.3d at 587. The TTCA provides that
a governmental unit is liable for: "personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would,



were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2). The plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of
immunity. Miller, 51 S.W.3d at 587. 

Discussion

 In this case, we must decide whether Estrada has alleged an actionable negligence cause of action against the City under the
TTCA. The City argues that Estrada has not pleaded an actionable negligent activity claim because her purported
"negligent activity" claim concerning De Los Santos's use/misuse of the fire pole is truly a "premises defect" claim because
"a case involving real property should be evaluated using the standard set forth for premises liability." See Tex. Civ. Prac.
& Rem. Code Ann. § 101.022(a) (providing that "if a claim arises from a premise defect, the governmental unit owes to the
claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of
the premises."); see also Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 233 (Tex. 2004) ("The Tort Claims
Act's scheme of a limited waiver of immunity from suit does not allow plaintiffs to circumvent the heightened standards of
a premises defect claim contained in section 101.022 by re-casting the same acts as a claim relating to the negligent
condition or use of tangible property."); Nunez v. City of Sansom Park, No. 2-05-293-CV, 2006 WL 1791695, *4 (Tex.
App.--Fort Worth June 29, 2006, no pet. h.) ("Neither a cause of action for negligent use of real property nor a cause of
action involving a condition of real property exists separate and apart from a cause of action for a premises defect."). 
Because the City believes Estrada is limited to raising a premises defect claim, it asserts that Estrada has not alleged a valid
waiver of immunity since her petition does include any allegations or facts indicating that either the fire pole or the station
was defective as required to maintain such cause of action. (4) By contrast, Estrada argues that she has in fact asserted an
actionable "negligent activity" claim because she has alleged that she was injured as a result of an ongoing activity at the
fire station -- De Los Santos's descent down the fire pole with Estrada on his back/shoulders. Estrada maintains her claim is
not a "premises defect" claim as the City contends since her injuries occurred simultaneously with the activity, not as a
result of a condition of the premises.

 A private premises owner "may be liable for two types of negligence in failing to keep the premises safe: that arising from
an activity on the premises, and that arising from a premises defect."Clayton W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d
523, 527 (Tex. 1997). Negligent activity and premises defect are independent theories of recovery. Id. at 529. The Texas
Supreme Court has explained that recovery on a negligent activity theory requires that the injury be a contemporaneous
result of the activity itself rather than by a condition created by the activity. Timberwalk Apartments,Partners, Inc. v. Cain,
972 S.W.2d 749, 753 (Tex. 1998); Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). Conversely, if a person is
injured as a result of a condition of the premises, rather than any conduct occurring at the time of injury, she has only a
premise defect cause of action. Olivo, 952 S.W.2d at 527. The same distinction exists between a condition and use of
property under the TTCA. See City of Houston v. Harris, 192 S.W.3d 167, 177 (Tex. App.--Houston [14th Dist.] 2006, no
pet.) (Edelman, J., concurring).

 Estrada's petition essentially alleges her injuries derive from an ongoing activity at the fire station -- De Los Santos's
descent down the fire pole with Estrada on his back/shoulders. Nothing in Estrada's petition suggests she was injured by a
condition of the premises or by some activity that occurred on the premises earlier and was not ongoing at the time of her
injury. When, as here, the plaintiff alleges her injuries were caused by an ongoing activity of the defendant, rather than by a
condition of the premises, the plaintiff has properly alleged a negligent activity claim. See Sibai v. Wal-Mart, Stores, Inc.,
986 S.W.2d 702, 707 (Tex. App.--Dallas 1999, no pet.) (holding a customer could maintain a "negligent activity" claim
against Sam's Wholesale Club for injuries she sustained when she was accidently struck in the head by cashier at adjacent
counter who was removing items from shopping cart). Because Estrada has properly alleged a "negligent activity" claim
against the City, we hold Estrada has pleaded sufficient facts to establish a waiver of the City's immunity under the TTCA.







Conclusion

 The trial court's order denying the City's plea to the jurisdiction is affirmed. (5) 



 Catherine Stone , Justice





1. We express no opinion as to the merits of Estrada's negligent activity claim.

2. The fire pole is part of Fire Station No. 10's permanent structure.

3. Estrada's petition does not include any allegations or facts indicating that either the fire pole or the surrounding premises
were defective. 

4. Although the TTCA does not define the terms real property or premises, see Tex. Civ. Prac. & Rem. Code Ann. §
101.001, both the fire pole and station are considered real property. See Miranda, 133 S.W.3d at 229-30 (defining real
property as "'land, and generally whatever is erected or growing upon or affixed to land.'"); City of Houston v. Harris, 192
S.W.3d 167, 173 (Tex. App.--Houston [14th Dist.] 2006, no pet.) (defining premises as "'a building or part of a building
with its grounds or other appurtenances.'").

5. We note the City also argues that even if we determine that Estrada has stated an actionable claim under the TTCA, "the
pleadings and jurisdictional evidence [are] clear that the City did not use the property. Rather, [Estrada] chose to use the
property and she 'lost her grip and fell.' Unfortunately for [Estrada], immunity is waived only if the governmental unit itself
is the user." We are unpersuaded by the City's contention because the pleadings and relevant jurisdictional evidence show
that a San Antonio firefighter was in fact "using" the fire pole at the time Estrada was injured.