COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GEORGE WYATT HANEY and SERVICE LLOYD'S INSURANCE COMPANY, | § § § | No. 08-07-00183-CV |
| Appellants, | § | Appeal from the |
| v. | § | County Court at Law Number One |
| | § | of Parker County, Texas |
| JERRY'S GM, LTD., d/b/a JERRY'S CHEVROLET CADILLAC AND JERRY'S BUICK, PONTIAC, AND GMC | § | (TC# CV06-1932 ) |
| Appellee. | | |

**O P I N I O N**

This is an appeal from a summary judgment dismissing Appellant's premises liability and negligent activity suit. Appellant slipped on ice located in the parking lot of a car dealership where he was making a vehicle exchange. We affirm.

Mr. Haney was employed for Cecil Atkission Motors in Kerrville, Texas transporting dealer trade vehicles. A dealer trade occurs when a dealership does not have the vehicle a customer wants, it then contacts another dealership to see if they are willing to trade the vehicle that meets its customer's needs for a vehicle that the original dealership has in stock. On December 9, 2005, Mr. Haney was told a trade had been completed, and that he would need to drive to Weatherford, TX to exchange a Chevrolet Silverado. Mr. Haney knew there had been an ice storm in Weatherford three days before his trip. He first encountered ice upon arriving at the dealership. He saw the ice, and found a spot to park in front of the showroom where the ice had

already melted.  He went in, spoke with the receptionist, Dee Pickard, who told him his contact was not in, but had left the paperwork and keys with her.  She gave him the paperwork and keys telling him that the "pickup is out that way," and pointed out front to her right.  Mr. Haney left the showroom, and went to the right to look for the truck.  He stated that he was walking carefully on the sidewalk because he did not know whether there was ice on the sidewalk.  He stopped at the first white Silverado, checked the vehicle identification number, (VIN), but it was not the truck he was picking up.  He went to the next white truck, and it matched the paperwork.  The truck was parked next to the sidewalk in front of the showroom.  He put his hand on the rearview mirror, checked for ice, and got ready to enter the truck.  As he was getting ready to insert the key, Mr. Haney slipped on a patch of ice he did not see.  The ice was present from the mirror to the end of the truck beneath and in between the parked vehicles.  Mr. Haney knew that there was ice present on the lot, but did not think there was any where he was trying to get in the truck.  When he stepped on the ice, he twisted his ankle and heard something pop.  Mr. Haney could not keep his balance, and landed on his rear.  He scooted along the ground to get back to the curb, and grabbed on to the truck to pull himself up.  Mr. Haney then went back to the door of the truck to get in.  He stated he opened the door, but had to pull himself in using the steering wheel because he could not get any traction to step up because of the ice.  He took the truck to the front of the showroom, and transferred his belongings from the truck he drove to Weatherford into the truck he was driving back.  He went inside to give the keys to Ms. Pickard.  He told her he had fallen, and received a band-aid for a cut he had on his hand.  Mr. Haney went to another Jerry's dealership to pick up the title to the truck, and then drove back to Kerrville.

Upon his return to Kerville, he went to the emergency room, and was treated then

released. On December 12, 2005, Mr. Haney went to see Dr. Allen, an orthopaedist. As a result of his fall, Mr. Haney broke his fibula and had an L2 compression fracture of his spine.

Mr. Haney brought suit under premises defect and negligent activity theories of recovery. The trial court granted the Appellee's motion for summary judgment and dismissed the suit.

The standard of review on appeal for a traditional summary judgment proceeding is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). The question is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause, but rather whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App--El Paso 2000, no pet.). All evidence favorable to the nonmovant must be taken as true and all reasonable inference, including any doubt, must be resolved to the nonmovant's favor. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). To prevail on a traditional motion for summary judgment, a defendant must prove that there is no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action. *Id*.

An owner or occupier of land has a duty to use reasonable care to keep premises under his control in a safe condition. *Sibai v. Wal-Mart, Stores, Inc.*, 986 S.W2d 702, 705-06 (Tex.App--Dallas 1999, no pet.). The owner may be found liable for negligence in situations arising from a premises defect and an activity or instrumentality. *Id*. In a premise liability case, the plaintiff must prove: (1) actual or constructive knowledge of some condition on the premises by the

owner; (2) that the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Company*, 845 S.W.2d 262, 264 (Tex. 1992). Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). Negligent activity and premises defect are independent theories of recovery. *Id*. at 529.

A premises owner/operator does not have a duty to protect invitees from conditions caused by naturally forming ice on its parking lot because such an accumulation does not constitute an unreasonably dangerous condition. *Wal-Mart Stores, Inc. v. Surratt*, 102 S.W.3d 437, 445 (Tex.App.--Eastland 2003, pet. denied). The court in *Surratt* expressly limited its holding to the premise's parking lot. *Id*. The Waco Court of Appeals also found naturally forming ice on a sidewalk to not be an unreasonably dangerous condition. *Gagne v. Sears, Roebuck and Co.*, 201 S.W.3d 856, 858 (Tex.App.--Waco 2006, no pet.). In *Gagne*, the Court stated:

> Holding a landowner accountable for naturally accumulating [ice] that remains in its natural state would be a heavy burden because [precipitation] is beyond the control of landowners . . . . [A]ccidents involving naturally accumulating [ice] are bound to happen, regardless of the precautions taken by landowners. Generally, invitees like [Gagne] are at least as aware as landowners of the existence of [ice] that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury.

*Gagne*, 201 S.W.3d at 858, *citing M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004)(holding naturally accumulating mud to not be an unreasonably dangerous condition).

In this case, Mr. Haney knew there was an ice storm in Weatherford right before his trip.

He saw ice in the parking lot when he arrived at the dealership. He drove around till he found a spot to park where the ice had already melted. The ice Mr. Haney slipped on was located in the parking lot of a car dealership. Appellant argues that the "sales lot" of the dealership is its retail area and is distinguishable from the cases cited above. We disagree and find that it is still just a parking lot. We agree with our sister courts' holding that naturally forming ice is not an unreasonably dangerous condition that would impose liability on a premises owner/operator. We overrule Appellant's Issue One.

In Issue Two, Appellant argues that the trial court erred when it ruled that the entire negligent activity cause of action was barred as a matter of law. The injury must be a contemporaneous result of the activity itself rather than by a condition created by the activity. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998). Appellant argues that the injury occurred because of an ongoing activity, the vehicle exchange, rather than a condition of the premises. The only action taken by the receptionist was to point to the right where the truck was located. However, Mr. Haney was not injured by the result of her pointing. Though his brief claims that he was injured while inspecting the VIN number, the record clearly reflects that he fell while he was trying to get in the truck. Appellant also argues that a departure from the customary business practices involving a dealer trade would qualify as an "activity." However, Mr. Haney's injury was a result of a condition of the premises not of an activity. The ice present in the parking lot was the cause of Mr. Haney's slip and fall. The truck was parked in a space along the sidewalk in front of the showroom, albeit not directly in front of the door. When the alleged injury is the result of the premise's condition, the injured party can only recover under a premises defect theory. *Sibai*, 986 S.W.2d at 706; *Keetch*, 845 S.W.2d at 264.

There was no negligent activity on which to base liability.  We overrule Appellant's Issue Two.

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.


February 12, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)